## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LESSLER & LESSLER   AL6649
Attorneys for Defendants
540 Old Bridge Turnpike
South River, New Jersey 08882
Tel. (732) 254-5155

```
*  *  *  *  *  *  *  *  *  *  *  *  *   *  Hon. Denny Chin, USDJ
                                         *  Hon. Douglas F. Eaton , USMJ
BIOSAFE-ONE, INC. d/b/a                  *
www.biosafeone.com and                   *  Civ. No. 07-6764 (DC)(DFE)
CHRIS JORGENSEN,                         *
                             Plaintiffs  *
                                         *
          -against-                      *
                                         *
ROBERT HAWKS, BRAD SKIERKOWSKI;          *
NEWTECHBIO, USA a/k/a Brad & Company,    *
Inc. d/b/a www.newtechbio.com;           *
WWW.JUMBOMORTGAGES101.COM a/k/a          *
jumbomortgages.net, and BCI FUNDING      *
GROUP,                                   *
                             Defendants  *
                                         *
*  *  *  *  *  *  *  *  *  *  *  *  *   *
```

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR A PRELIMINARY INJUNCTION AND ORDER TO REACTIVATE WEBSITE

Page

Table of Contents. . . . . . . . . . . . . . . . . ii

Table of Authorities.. . . . . . . . . . . . . .  iii

Exhibit List.. . . . . . . . . . . . . . . . . . iv

Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

## TABLE OF CONTENTS

                                                                      Page

Preliminary Statement.. . . . . . . . . . . . . . . . . . . .   1

Statement of Facts. . . . . . . . . . . . . . . . . . . . . .   3

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . .  19

## I

SINCE (i) NO INTELLECTUAL PROPERTY RIGHTS OF PLAIN-
TIFFS ARE CURRENTLY BEING INFRINGED BY DEFENDANTS,
(ii) NO SUCH RIGHTS OTHER THAN COPYRIGHT OF NON-
DISTINCTIVE PORTIONS OF THEIR WEBSITE (TO THE
EXTENT SUCH RIGHTS MAY EXIST) WERE PREVIOUSLY
INFRINGED, (iii) DEFENDANTS HAVE NOT USED ANY
CONFIDENTIAL INFORMATION OF PLAINTIFFS, and (iv)
PLAINTIFFS' TRADEMARK AND TRADE DRESS CLAIMS ARE
WITHOUT MERIT AS TO DEFENDANTS' PREVIOUS WEBSITE
AS WELL AS DEFENDANTS' CURRENT WEBSITE, ANY
PRELIMINARY INJUNCTION SHOULD BE LIMITED TO PRE-
CLUDING DEFENDANTS FROM COPYING OF TEXT OR
GRAPHICS FROM PLAINTIFFS' WEBSITE OR OTHER PUB-
LISHED MATERIAL. . . . . . . . . . . . . . . . . . . . . 19

## II

PLAINTIFFS SHOULD BE PRELIMINARILY ENJOINED FROM
INTERFERING WITH DEFENDANTS' OPERATION OF THEIR
WWW.NEWTECHBIO.COM AND CLOGGEDDRAINFIELD.COM
WEBSITES BECAUSE THOSE WEBSITES DO NOT INFRINGE
ANY PROPERTY RIGHTS OF PLAINTIFFS AND THE CRITERIA
FOR INJUNCTIVE RELIEF ARE MET. . . . . . . . . . . . . 22

## III

AN ORDER SHOULD BE ISSUED REQUIRING ADD2NET, INC.
d/b/a LUNARPAGES TO REACTIVATE THE
 WWW.NEWTECHBIO.COM WEBSITE. . . . . . . . . . . 24

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . 24

Biosafe One, Inc. et al. v. Hawks et al.                    Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

# TABLE OF AUTHORITIES

Page

*In re MBNA America Bank, N.A.*, 340 F.3d 1328,
67 U.S.P.Q.2d 1778 (Fed.Cir. 2003), rehearing
and rehearing en banc denied (2004).. . . . . . . . . . .  20

*Two Pesos, Inc. v. Taco Taco Cabana, Inc.*,
505 U.S. 763, 120 L.Ed.2d 615, 112 S.Ct. 2753,
23 U.S.P.Q.2d 1081, 1083 (1992).. . . . . . . . . . . .  20

*17 U.S.C. 512, 512(f)*.. . . . . . . . . . . . . . . . 2, 22

Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

## EXHIBIT LIST

A    Website offering UltraClear Sludge Digester for sale.

B    Website containing definitions of "shock" and "shocking" as applied to biological wastes.

C    Websites using the word "shock" in a descriptive sense as applied to septic systems, processes or chemicals.

D    Plaintiffs' www.biosafeone.com website.

E    Defendants' www.newtechbio.com website.

F    Websites containing "before and after" septic pipe photos.

G    Websites containing septic system diagrams.

H    Septic system chemicals websites having "Frequently Asked Questions" sections.

I    Plaintiffs' comparison chart.

J    Defendants' comparison chart.

K    Other septic system chemicals websites containing comparison charts.

L    E-mail memo from Yahoo Technical Services concerning matching technology used on its search engine.

M    Google search engine results display responsive to search for "septic tank treatment".

N    Letter from plaintiffs' attorney Wilkens to defendants' hosting company Add2Net, Inc. d/b/a Lunarpages dated August 21, 2007.

O    Letter from defendants' attorney Lessler to defendants' hosting company Add2Net, Inc. d/b/a Lunarpages dated August 27, 2007.

P    Letter from Add2Net, Inc. d/b/a Lunarpages hosting company attorney Cohen to attorney Lessler dated August 28, 2007.

Q    Letter from plaintiffs' attorney Wilkens to defendants' second hosting company Godaddy.com dated August 26, 2007.

R    E-mail memo from defendants' attorney Lessler to plaintiffs' attorney Wilkens dated August 27, 2007.

S    Letter from plaintiffs' attorney Wilkens to defendants' attorney Lessler dated September 5, 2007.

Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

## PRELIMINARY STATEMENT

Unless otherwise stated, all references herein to defendants' website refer to the same as currently configured, not as it was at the time defendants were served with process in this action.

On exhibits, all comments and highlighting (shaded on black and white copies, colored pale green on color copies) are comments and highlighting by defendant Hawks.

Defendants are two individuals[1] who were in the mortgage brokerage business at all relevant times.  They processed a loan for plaintiff Jorgensen and Hawks had many telephone communications with him and his wife from mid 2004 through about the end of 2005.  More than a year later defendants went into the same business as the plaintiffs (sale of septic system chemicals).  The method by which defendants created their website resulted in copying of some nondistinctive text material from plaintiffs' website.  As soon as defendants were served with plaintiffs' initial papers in this action, defendants altered their website to eliminate the material objected to by plaintiffs.

---

[1]Except for Brad & Company, Inc. which is a Pennsylvania corporation of which defendant Skierkowski is the sole shareholder.  For convenience of reference the term "defendants" will be used to refer to the individual defendants unless otherwise stated.

Biosafe One, Inc. et al. v. Hawks et al.                            Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

Thereafter plaintiffs caused defendants' website, www.newtechbio.com to be shut down by sending the hosting company a DMCA[2] notice misrepresenting that this website in-fringed plaintiffs' copyright. Defendants then moved their website to a new domain name, cloggeddrainfield.com[3] and plaintiffs immediately caused that website to be shut down by sending its hosting company another DMCA notice, again misrep-resenting that the website infringed plaintiffs' copyright.[4]

Defendants seek to limit any preliminary injunction granted to the plaintiffs to precluding copying of material on plain-tiffs' website www.biosafeone.com or any published material of plaintiffs; to obtain a preliminary injunction barring plain-tiffs from interfering with operation of defendants' www.new-techbio.com and cloggeddrainfield.com websites; and to obtain an order directing hosting company Add2Net, Inc. d/b/a Lunarpages to reactivate defendants' www.newtechbio.com web-site. No opposition is expected from Add2Net, Inc.

---

[2]Digital Millennium Copyright Act, in particular 17 U.S.C. §512.

[3]Persons accessing this website are now redirected to defendants' www.newtechbio.com website.

[4]The Lunarpages hosting company shut down www.newtechbio.com on August 23, 2007 and the Godaddy hosting company shut down www.cloggeddrainfield.com on August 27, 2007.

2

Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

## STATEMENT OF FACTS

### Defendants as Mortgage Broker for Plaintiff Jorgensen

From mid 2004 to about the end of 2005 defendants Hawks and Skierkowski, who were mortgage brokers, had communications with plaintiff Jorgensen and his wife concerning possible real estate investments for which Hawks and Skierkowski might be mortgage brokers. During that time Hawks closed one mortgage loan for Jorgensen.

In order to qualify for that loan Jorgensen submitted a mortgage application and bank statements, and authorized defendants to obtain his credit report. While those documents contained confidential information as to Jorgensen and his Biosafe-One business, they did not include a customer list or a vendor list.

### No Unauthorized Use of Plaintiffs' Confidential Information by Defendants

Defendants have never obtained from any source a list of plaintiffs' customers or vendors. That have never initiated any communication to any person or entity known to them to be a customer or a vendor of plaintiffs.

### Plaintiffs' Business

3

Biosafe One, Inc. et al v. Hawks et al.                    Civil No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

At all relevant times plaintiffs were in the business of selling septic system chemicals via their website www.biosafe-one.com.

Industry Terms such as Sludge, Digest, Shock Treatment

Sludge Digester

The septic system chemicals sold by plaintiffs via their website include chemicals containing bacteria for digesting septic system waste including sludge, which is a relatively dense form of such waste. The term sludge is defined, for example, in The Random House Dictionary of the English Language as "sediment deposited during the treatment of sewage".

The term "sludge digester" occurs 23,700 times as an exact phrase search via www.google.com and is used on thousands of web pages pertaining to septic system bacterial related issues. A sludge digesting product termed "sludge digester" is sold on the website http://ultraclear.com/ucsd.html.[5]

Shock

The term "shock" is commonly used in the spa, pool and waste treatment industries to refer to a strong oxidizing agent. This term is defined, for example, on the website http://www.thermospas.com/about/glossary.php#S as:

_____

[5] Exhibit A.

4

Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

> A strong oxidizing agent that does not contain chlorine. Shock is used to break down biological wastes, and aids in the sanitization of the spa water.[6]

A septic system treatment product "Septic Shock" is offered for sale on the website http://www.septic-1.com/. The terms "shock treatment", "shock dose" and "shock" appear on various websites.[7] Examples are (underlining added):

www.septicseep.com/ – "Restoring Failed Drain Fields: In actual field experience, failed drain fields have been restored by applying Septic Seep in greater quantities. Good results have been obtained by applying 4 gallons directly to the drain field soil as a shock treatment."

http://www.septicsystemhelp.com/septalguarantee.-html – "SHOCK TREATMENT TO CORRECT PROBLEMS. If problems already exist with your system, use the "Fast shock treatment"".

http://www.arrowseptic.com/Hydro.html – "Commercial strength enzyme shock treatment to attack any leftover residue that may remain".

---

[6] Exhibit B.

[7] Exhibit C.

Biosafe One, Inc. et al. v. Hawks et al.                                    Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

http://www.septicare.com/Septic%20tank%20faq.php
- "For severe problems, a <u>shock treatment</u> of 8 scoops of SEPTICARE may be necessary."

http://www.citraclean.com/drain-a-way.html -"Initial <u>shock treatment</u> by using 4 pouches into toilet and allow time for pouches to dissolve and then flush. Repeat if necessary."

http://www.environmentalsolutions.net/septicsolutions.php -"If severe problems exist, it is recommended that you increase the dosage, two-to-three times above the maintenance dosage. These amounts are considered "<u>shock treatment</u> levels ...".

http://www.arcan.com/board/message_view.tpl?sku=122 - "If we can get some flow restarted and then follow with a <u>shock dose</u> of professional bacteria to consume the excess bacteria, we may be able to restore the drainfield."

http://www.shac.ca/faqs/ShactivateFAQ.htm - "For a system with pre-existing field drainage problems, <u>shock</u> the system with a 10L application to the septic tank (grey water side) prior to applying the first 1L maintenance dose down the toilet."

6

Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

http://kaiser-battistone.com/kb-x-tendr/-kb-x-tendr.shtml - "Older, overtaxed or neglected septic sys-tems and cesspools that have not been properly maintained (cleaned at least every two years,) may require a "shock dosage" to create a high bacterial level."

Establishment of Defendants' Website; Unintended Copying

Early in 2007 defendants' mortgage brokerage business declined significantly due to what has been termed the subprime mortgage crisis. By the end of the first quarter their busi-ness was down to an insignificant amount and they decided to seek another source of income by going into the sale of septic system chemicals - the same business plaintiffs were and are engaged in. Defendants' website www.newtechbio.com became operational in April 2007[8], nearly 18 months after their commun-ications with Jorgensen had ended.

To create defendants' website, Hawks compiled substantial amounts of information from the websites of over 20 online companies (including plaintiffs' www.biosafeone.com website) selling septic system chemicals, and stored the collected data in text or Microsoft Word format; and used this aggregation of stored material as a reference to help with the planning and

---

[8]Plaintiffs assert that defendants' website went online in March 2007.

Biosafe One, Inc. et al. v. Hawks et al.                          Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

creation of defendants' website, extensively editing and rearranging selected portions of the collected material.

An unintended result of this method of website creation was that some nondistinctive material from plaintiffs' website was copied into defendants' website. At no time did defendants intentionally attempt to replicate any portion of plaintiffs' website.

Look and Feel of Websites

The look and feel of the plaintiffs' and defendants websites was always, and still is, completely different.

A comparison of each page of plaintiffs' www.biosafeone.com website[9] with defendants' www.newtechbio.com website[10] shows that the two websites have a completely different appearance. While the organization of both websites has some elements in common, such as "before and after" photos, septic system diagrams, frequently asked questions ("FAQs"), and a comparison chart, those elements are common to several other websites that offer septic system chemicals for sale, and the content amd visual appearance of those elements on defendants' website is

---

[9]Exhibit D

[10]Exhibit E

Biosafe One, Inc. et al. v. Hawks et al.                                Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

markedly different from the content and visual appearance of corresponding elements on plaintiffs' website.

### "Before and After" Photos

The "before and after" comparison photos appear on the first page of each website, from which it is evident that defendants' photos are not copies of plaintiffs' photos. Various competing websites also display such photos.[11]

### Septic System Diagrams

Defendants' septic system diagram is markedly different from plaintiffs' diagram. Such diagrams are frequently displayed on competing websites.[12] In fact, the diagram on plaintiffs' website is a copy of that on the http://septictank-treatment.info/Home_Page.html website.

### Frequently Asked Questions ("FAQ"s)

The use of a "frequently asked questions" section on a website is commonplace. A google.com search for the phrase "frequently asked questions" returned about 159 million hits. Plaintiffs were not the first to use such a section on a web-

---

[11]Exhibit F.

[12]Exhibit G.

Biosafe-One, Inc. et al. v. Hawks et al.                    Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

site selling septic system chemicals.[13]  See, for example, the

http://www.statewidesupply.com/questions.html web page.

Comparison Chart

Plaintiffs' comparison chart is shown in Exhibit I and defendants' chart appears in Exhibit J.  These charts are very different in appearance and content.  Comparison charts are commonly used in the online sale of septic chemicals.[14] Plaintiffs' comparison chart is quite similar to that on B&A Products web page http://www.baproducts.com/1flush.htm, the website of which was online before that of plaintiffs.

Defendants Did Not Use Plaintiffs' Biosafe-One Name
as a Keyword to Direct Online Searches to Defendants' Website

Plaintiffs falsely accuse defendants of using paid keyword advertising containing plaintiffs' Biosafe-One name to mislead consumers into purchasing from defendant.  Plaintiffs claim that these acts were committed by defendants while advertising on www.google.com, www.yahoo.com and www.live.com.  However, defendants did not give any Biosafe-One or similar keyword to any online search engine provider, including those mentioned above.  The fact that defendants' domain name www.Newtechbio.com was coming

---

[13]Exhibit H.

[14]Exhibit K.

10

Biosafe-One, Inc. et al. v. Hawks et al.                            Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

up on www.yahoo.com when plaintiffs' name Biosafe-One was typed into the Yahoo search engine was due to the logic system employed by Yahoo, as explained in an e-mail memo from that company.[15] Defendants have advised Yahoo to exclude plaintiffs' name from future search results for defendants' products.

### Plaintiffs' Practice of Using Competitors' Names as Keyword for Search Engine Advertising

Plaintiffs have engaged and are engaging in the very practice of which they accuse defendants.  For example:

Plaintiffs paid for placement of the keyword phrase "septic helper 2000" to result in display of plaintiffs' website listing on www.google.com, www.yahoo.com, and www.live.com while the actual website selling the product is www.septichelper2000.com.

Plaintiffs paid for similar placement of the keyword mark "Rid-x" on www.live.com, so that plaintiffs were and are using the third party Rid-X trademark to attract customers.

Plaintiffs paid for similar placement of the keyword mark "Septic Seep" on www.yahoo.com while the actual website selling the product is www.septicseep.com.

---

[15]Exhibit L.

11

Biosafe One, Inc. et al. v. Hawks et al.                                    Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

Plaintiffs paid for placement of the keyword mark "Septic Remedy" on www.yahoo.com while the actual website selling the product is www.septicremedy.com.

Plaintiffs paid for placement of the keyword mark "Septic Remedy" on www.yahoo.com and www.live.com while the actual website selling the product is www.septicare.com.

Plaintiffs' metatags embedded in their website include the third party trademarks Rid-x, Rid x, Septic Helper and Septic Helper 2000.

#### Defendants Did Not Copy Plaintiffs' Online Text Advertisements

Plaintiffs accuse defendants of using similar text advertisements on google.com to deceive consumers into purchasing from defendants while searching for plaintiffs' product. However, online advertising portals generally allow for three lines of text to describe a product or service, and it is common to see trigger or power words such as "Maximum"" "Powerful", "Strongest", "Best", etc.

Most online septic treatment chemical advertisers use the same or similar wording on their keyword advertising as shown in Exhibit M.

12

Biosafe One, Inc. et al. v. Hawks et al.                          Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

Plaintiffs' Purported Trademarks Have Not Been Publicly Recognized

An internet tool known as "overture search tool" keeps records of all keywords typed into the www.yahoo.com search engine over the course of the previous month.  For example, the keyword Hawaii drew 395,000 hits or people typing "Hawaii"into a Yahoo search page.  This keyword tool also shows variations of typed words and displays the results accordingly.

This tool showed that keywords "Biosafeone", "biosafeone.com", and "bio safe one" each drew no Yahoo search inquiries in a recent 30 day period.  Plaintiffs' purported trademarks "heavy sludge digester", "light shock", "medium shock" and "heavy shock" also drew no hits, meaning no one searched for these terms on the internet in a recent 30 period.  Thus the number of people searching Yahoo online for the plaintiffs or their product is zero or extremely minimal.

The www.google.com service known as trends.google.com also shows that throughout this year, no one has searched for the plaintiffs' company name, product name or purported trademarks.

Nothing Unusual about the Organization of Plaintiffs Website

Most online retailers, including those selling septic system chemicals, use a similar or identical layout which is standard throughout web design.  This website design was not

13

Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

pioneered by the plaintiffs and is found on many websites.
"Frequently Asked Questions", "About Us", "About the Product",
"Comparison", "Testimonials", "Order" and other sections are
contained within many marketing websites.  Many companies were
selling septic system chemicals online before the plaintiffs
and use the same or similar wording to describe their product.
Plaintiffs did not pioneer the septic chemicals business; they
simply copied what others were already doing online.

Many Competing Vendors; Many With Prior Websites

There are many vendors selling the same or similar product
as plaintiffs, on over forty (40) different websites.
Some of these websites are http://www.supercoproducts.com/Bio-
Paks.htm (since 2001); http://www.adbio.com/septic/septic-
_treatment_unit.htm (since 1993); http://www.biconet.com/-
treatment/Cess.html since (1995); http://www.chempace.com/-
products/bacteria/bacteria.html (since 1997); http://www.eco--
save.com/products-frame.html (since 2000); http://www.arcan.-
com/septic_scrub/what_does.html (since 1997); http://www.-
septictech.com/plop.html (since 2000); http://www.septicare.-
com/Septic%20tank%20technical.php (since 1997); and http://-
www.bio-sure.com/septicsystems.html (since 1997).

Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

**Defendants' Current www.newtechbio.com Website Does Not Contain
any Material From Plaintiffs' www.biosafeone.com website
and Does Not Contain any of Plaintiffs' Purported Trademarks**

Defendants have removed from their <u>www.newtechbio.com</u>
website all material objected to by plaintiffs and have checked
to make sure their website does not contain any material from
plaintiffs' <u>www.biosafeone.com</u> website.

Plaintiffs' purported trademarks "Light Shock", "Medium
Shock", "Heavy Shock", and "Heavy Sludge Digester" are not on
defendants' current website.

**Descriptive Nature of Plaintiffs' Purported Common Law Trademarks**

To the knowledge of defendants, none of plaintiffs' pur-
ported trademarks is registered in any state or in the United
States Patent and Trademark Office.

The term "shock treatment" is used in the septic system
industry to denote use of a strong oxidizing agent, and that
term appears on many websites offering septic system chemicals
for sale.  Plaintiffs' purported trademarks "Light Shock",
"Medium Shock" and "Heavy Shock" merely describe chemicals for
providing relatively low intensity, moderate intensity or high
intensity shock treatment and therefore describe this charac-
teristic of the chemicals.

Biosafe One, Inc. et al. v. Hawks et al.                                    Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

The term "sludge digester" describes a product or system that digests sludge. Thus plaintiffs' purported trademark "Heavy Sludge Digester" merely describes a chemical capable of digesting heavy sludge.

### The Internet as the Channel of Trade of the Parties

The parties directly compete with each other, selling septic system chemicals via their Internet websites. Advertising is done by placing key words/phrases and short (usually three lines or less) advertisements with companies that operate Internet search engines used by the public; the most popular of those search engines being at www.google.com.

Consumers use search engines to type in key words such as "septic system", "septic chemicals" etc. and use their computer mouses to click on websites displayed as or with the search engine results. They rarely type in the name of a specific system chemicals supplier.

Thus consumers search for the product they want to buy rather than for a specific supplier.

### Plaintiffs' Improper Notice to Defendants' Web Hosting Companies In Violation of the Digital Millennium Copyright Act

Defendants were served with process August 8, 2007. Shortly thereafter they removed from their www.newtechbio.com website the material objected to by plaintiffs. Defendants'

16

Bidsare One, Inc. et al. v. Hawks et al.                    Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

website was being hosted by Add2Net, Inc. d/b/a Lunarpages which is represented by Jeffrey A Cohen, Esq. of Chapman Glucksman & Dean.

After defendants' website was free of all material objected to by plaintiffs, on August 21, 2007 plaintiffs caused their attorney Odette J. Wilkens, Esq. to send hosting company Add2Net, Inc. d/b/a Lunarpages a Digital Millennium Copyright Act ("DMCA") notice[16] which falsely stated that defendants' current website was infringing upon plaintiffs' copyright. The hosting company immediately shut down defendants' website.

In response to the letter of defendants' counsel dated August 27, 2007,[17] counsel for Add2Net, Inc. d/b/a Lunarpages sent defendants' counsel Lessler a letter dated August 28, 2007 stating that defendants' website would be restored only if defendants "secure an order from the court directing [Add2Net, Inc. d/b/a Lunarpages] to re-activate the site ...".[18]

After Add2Net, Inc. d/b/a Lunarpages shut down defendants' website they transferred it, under the domain name cloggeddrainfield.com, to another hosting company, Godaddy.com.

---

[16]Exhibit N.

[17]Exhibit O.

[18]Exhibit P.

Biosafe One, Inc. et al. v. Hawks et al.                    Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

However, by letter dated August 26, 2007[19] plaintiffs' attorney Odette J. Wilkens, Esq. sent hosting company Godaddy.com a DMCA notice which falsely stated that defendants' current website was infringing upon plaintiffs' copyright. As a result Godaddy.com immediately shut down defendants' cloggeddrain-field.com website.

By e-mail memo dated August 27, 2007[20] defendants' attorney demanded that Ms. Wilkens either (1) point out exactly what significant text or graphics on the cloggeddrainfield.com website is a copy of what protected material on the Biosafe-One website or (2) withdraw the DMCA notice letter.

Because of the false DMCA notices sent by plaintiffs' attorney, defendants have been compelled to switch to a hosting company outside the United States at significantly increased monthly cost, and have lost substantial sales and profits during the shutdown periods.

The www.newtechbio.com website is the primary source of support for both individual defendants and their families.

---

[19]Exhibit Q.

[20]Exhibit R.  Ms. Wilkens' response to that memo appears as Exhibit S.

Biosafe One, Inc. et al. v. Hawks et al.                                          Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

# A R G U M E N T

## I

**SINCE (i) NO INTELLECTUAL PROPERTY RIGHTS OF PLAINTIFFS ARE CURRENTLY BEING INFRINGED BY DEFENDANTS, (ii) NO SUCH RIGHTS OTHER THAN COPYRIGHT OF NON-DISTINCTIVE PORTIONS OF THEIR WEBSITE (TO THE EXTENT SUCH RIGHTS MAY EXIST) WERE PREVIOUSLY INFRINGED, (iii) DEFENDANTS HAVE NOT USED ANY CONFIDENTIAL INFORMATION OF PLAINTIFFS, and (iv) PLAIN-TIFFS' TRADEMARK AND TRADE DRESS CLAIMS ARE WITHOUT MERIT AS TO DEFENDANTS' PREVIOUS WEBSITE AS WELL AS DEFENDANTS' CURRENT WEBSITE, ANY PRELIMINARY INJUNCTION SHOULD BE LIMITED TO PRECLUDING DEFENDANTS FROM COPYING OF TEXT OR GRAPHICS FROM PLAINTIFFS' WEBSITE OR OTHER PUBLISHED MATERIAL**

Plaintiffs have asserted copyright and trademark intel-lectual property rights respecting their website, claiming that defendants' website included plaintiffs' copyrighted material and (common law) trademarks. Regardless of whether those claims have merit. all such allegedly protected material and purported trademarks have been removed from defendants' www.newtechbio.com website.[21]

Plaintiffs' Trademark Claims Lack Merit

As previously shown, plaintiffs' purported trademarks Light Shock, Medium Shock, Heavy Shock and Heavy Sludge Diges-ter each describe a characteristic or function of the corre-sponding products. Therefore these purported marks are

---

[21]Defendants' website cloggeddrainfield.com was used only for a day or two before it was shut down, and has not resumed operating.

Biosafe One, Inc. et al. v. Hawks et al.                    Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

descriptive.  As stated by the Federal Circuit in *In re MBNA America Bank, N.A.*, 340 F.3d 1328, 1332, 67 U.S.P.Q.2d 1778 (Fed.Cir. 2003), rehearing and rehearing en banc denied (2004):

> A mark is descriptive if it immediately conveys information concerning a quality or characteristic of the product or service.

In order to be protectable, a descriptive mark must have acquired secondary meaning; that is, the mark must be shown to be identified with a particular source.  *Two Pesos, Inc. v. Taco Taco Cabana, Inc.*, 505 U.S. 763, 120 L.Ed.2d 615, 112 S.Ct. 2753, 23 U.S.P.Q.2d 1081, 1083 (1992).

Since plaintiffs have produced no proof that any of their purported marks have acquired secondary meaning, the same are not entitled to protection.

Plaintiffs' Trade Dress Claim Lacks Merit

Plaintiffs' assertion that customers are likely to confuse its website with that of defendants incorrectly implies that customers will be comparing the two websites and deciding which one to purchase from.  That is not the way the Internet market works; Internet shopping for septic chemicals is not like a customer going to a brick and mortar store and comparing the packaging of two competing items.  Rather, a septic chemicals customer types key words into a search engine and evalu-

20

Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

ates information on corresponding websites to make a purchase decision.

In any event, no reasonable person could conclude that defendants' website has the same or similar trade dress as that of plaintiffs. The two websites have markedly different colors and fonts. They contain different text. Their only similarities lie in the use of common building blocks such as "before and after" photos, septic system diagrams, frequently asked questions, a comparison chart, and explanation of the septic system process. Such building blocks are used by many websites selling septic system chemicals and are not distinctive to plaintiffs.

### No Use of Plaintiffs' Confidential Information by Defendants

Defendants have not had access to plaintiffs' customer list or vendor list. They deny any use of plaintiffs' confidential bank statements, 2005 mortgage application or 2005 credit report for any purpose other than processing a mortgage application for plaintiff Jorgensen. Plaintiffs have produced no proof to the contrary. The relationship between the parties ended more than a year before defendants' website went online. Thus there is no basis for plaintiffs' claim that defendants used their confidential information to compete with them.

21

Biosafe-One, Inc. et al. v. Hawks et al.                    C.V. No. 39-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

## II

## PLAINTIFFS SHOULD BE PRELIMINARILY ENJOINED FROM INTERFERING WITH DEFENDANTS' OPERATION OF THEIR WWW.NEWTECHBIO.COM AND CLOGGEDDRAINFIELD.COM WEBSITES BECAUSE THOSE WEBSITES DO NOT INFRINGE ANY PROPERTY RIGHTS OF PLAINTIFFS AND THE CRITERIA FOR INJUNCTIVE RELIEF ARE MET

Plaintiffs, having caused two hosting companies to shut down defendants' website by sending Digital Millennium Copyright Act notices to those companies falsely stating that defendants' website infringes plaintiffs' copyright, should be precluded from continuing to do so. These wrongful acts are a violation of the misrepresentation provision of that Act, namely *17 U.S.C. 512(f)* which provides:

> (f) Misrepresentations.--Any person who knowingly materially misrepresents under this section--
>
> (1) that material or activity is infringing, or
>
> (2) that material or activity was removed or disabled by mistake or misidentification,
>
> shall be liable for any damages, including costs and attorneys" fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

Biosafe-One, Inc. et al. v. Hawks et al.                                    Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

Defendants will suffer irreparable injury unless plaintiffs are enjoined from interfering with the operation of defendants' website, since sales via that website is the primary source of support for both individual defendants and their families and without the website there will be no sales.

Defendants are likely to prevail on the issue of the liability of plaintiffs under the aforementioned statute, since nothing on their website is a copy of anything on plaintiffs' website.

The public interest favors competition between the parties which cannot occur unless defendants' website is operational.

The only detriment to plaintiffs if defendants' website continues operating is loss of business due to legitimate competition; which detriment is far less than the detriment to defendants if the www.newtechbio.com website is shut down. Similarly, defendants should be allowed to resume operating their cloggeddrainfield.com website (if they choose to do so) without interference by plaintiffs.

Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

### III

### AN ORDER SHOULD BE ISSUED RE-QUIRING ADD2NET, INC. d/b/a LUNAR-PAGES TO REACTIVATE THE WWW.NEWTECHBIO.COM WEBSITE

In order to mitigate the damages defendants continue to suffer due to the expense of maintaining their website via a foreign host, and to restore the business relationship which has been terminated as a result of the wrongful conduct of plaintiffs, defendants' original hosting company Add2Net, Inc. d/b/a/Lunarpages should be required to re-activate defendants' www.newtechbio.com website.

### CONCLUSION

For the reasons set forth above, the Court should issue an order:

1. Granting plaintiffs a preliminary injunction limited to precluding defendants from copying text or graphics from plaintiffs' www.biofaseone.com website or other published material;

2. Enjoining plaintiffs from interfering with the opera-tion of defendants' www.newtechbio.com and cloggeddrainfield.-com websites; and

3. Requiring Add2Net, Inc. d/b/a Lunarpages to re-activate defendants' www.newtechbio.com website.

Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

```
                              Respectfully submitted,


                              LESSLER & LESSLER
                            Attorneys for Defendants
                             540 Old Bridge Turnpike
                          South River, New Jersey 08882
                                Tel (732) 254-5155
                                Fax (732) 254-7630
                          E-Mail Lessler@Compuserve.com
```

                                      s/ Arthur L. Lessler

Dated: September 12, 2007        _____

                                  Arthur L. Lessler (AL6649)

Biosafe One, Inc. et al. v. Hawks et al.                                        Civ. No. 07-6764
Defendants' Memorandum of Law
in Opposition to Plaintiffs' Motion for a Preliminary Injunction
and in Support of Defendants' Cross-motion For a Preliminary Injunction
and Order to Reactivate Website

## EXHIBIT LIST

A    Website offering UltraClear Sludge Digester for sale.

B    Website containing definitions of "shock" and "shocking" as applied to biological wastes.

C    Websites using the word "shock" in a descriptive sense as applied to septic systems, processes or chemicals.

D    Plaintiffs' www.biosafeone.com website.

E    Defendants' www.newtechbio.com website.

F    Websites containing "before and after" septic pipe photos.

G    Websites containing septic system diagrams.

H    Septic system chemicals websites having "Frequently Asked Questions" sections.

I    Plaintiffs' comparison chart.

J    Defendants' comparison chart.

K    Other septic system chemicals websites containing comparison charts.

L    E-mail memo from Yahoo Technical Services concerning matching technology used on its search engine.

M    Google search engine results display responsive to search for "septic tank treatment".

N    Letter from plaintiffs' attorney Wilkens to defendants' hosting company Add2Net, Inc. d/b/a Lunarpages dated August 21, 2007.

O    Letter from defendants' attorney Lessler to defendants' hosting company Add2Net, Inc. d/b/a Lunarpages dated August 27, 2007.

P    Letter from Add2Net, Inc. d/b/a Lunarpages hosting company attorney Cohen to attorney Lessler dated August 28, 2007.

Q    Letter from plaintiffs' attorney Wilkens to defendants' second hosting company Godaddy.com dated August 26, 2007.

R    E-mail memo from defendants' attorney Lessler to plaintiffs' attorney Wilkens dated August 27, 2007.

S    Letter from plaintiffs' attorney Wilkens to defendants' attorney Lessler dated September 5, 2007.