# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LESSLER & LESSLER
Attorneys for Defendants
540 Old Bridge Turnpike
South River, New Jersey 08882
Tel. (732) 254-5155

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *    Hon. Denny Chin, USDJ
                                           Hon. Douglas F. Eaton , USMJ
BIOSAFE-ONE, INC. d/b/a                *
www.biosafeone.com and                     Civ. No. 07-6764 (DC)(DFE)
CHRIS JORGENSEN,                       *
                            Plaintiffs
                                       *

        -against-
                                       *
ROBERT HAWKS, BRAD SKIERKOWSKI;
NEWTECHBIO, USA a/k/a Brad & Company,  *
Inc. d/b/a www.newtechbio.com;
WWW.JUMBOMORTGAGES101.COM a/k/a        *
jumbomortgages.net, and BCI FUNDING
GROUP,                                 *
                            Defendants
        -against-                      *

ODETTE J. WILKENS,                     *

            Third Party Defendant      *

    *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT

Defendants, for their answer to the verified complaint

of the plaintiffs, their counterclaim against the plaintiffs,

and their third party complaint against the third party

defendant Odette J. Wilkens, on knowledge as to matters

pertaining to themselves and on information and belief as to all other matters, respond as follows:

# ANSWER

## SUMMARY OF CLAIMS

1. Deny the allegations of paragraph 1.

2. Deny the allegations of paragraph 2.

3. Deny that plaintiffs are entitled to the relief sought in paragraph 3.

## JURISDICTION AND VENUE

4. Admit the allegations of paragraph 4.

5. Admit the allegations of paragraph 5.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore deny the same.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore deny the same.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore deny the same.

9. Deny the allegations of paragraph 9, except admit Hawks is a natural person residing in Pennsylvania who at all relevant times was a mortgage broker.

10. Deny the allegations of paragraph 10, except admit Skierkowski is a natural person residing in Pennsylvania who at all relevant times was a mortgage broker.

11. Deny the allegations of paragraph 11 and aver that New Tech Bio is a trade name of Hawks and Skierkowski and www.newtechbio.com is a website operated by them.

12. Deny the allegations of paragraph 12 and aver that www.jumbomortgages101.com and www.jumbomortgages.net are websites operated by Hawks and Skierkowski.

13. Deny the allegations of paragraph 13 and aver that BCI Funding Group is a trade name of Hawks and Skierkowski.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore deny the same.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore deny the same.

Re: Biosafe-One, Inc. et al v. Hawks et al.                                    Civ. No. 07-6764
Answer, Counterclaim and Third Party Complaint

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore deny the same.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore deny the same.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore deny the same.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore deny the same.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore deny the same; deny that any trademarks, service marks, labels, logos, slogans, product names, packaging and trade dress referred to in the verified complaint is unique.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore deny the same; deny that the Brochure is unique or innovative.

22. Deny the allegations of paragraph 22.

23.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore deny the same; deny that the Treatment Guide is unique.

24.  Deny the allegations of paragraph 24.

25.  Deny the allegations of paragraph 25.

26.  Deny the allegations of paragraph 26.

27.  Deny the allegations of paragraph 27.

28.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore deny the same.

29.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore deny the same.

30.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore deny the same; and aver that Exhibit A speaks for itself.

31.  Deny the allegations of paragraph 31.

32.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore deny the same.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and therefore deny the same.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore deny the same.

35. Deny the allegations of paragraph 35, except admit Hawks and Skierkowski held themselves out as mortgage brokers.

36. Admit the allegations of paragraph 36.

37. Deny the allegations of paragraph 37, except admit Hawks and Skierkowski operated the Jumbo Mortgages websites.

38. Deny the allegations of paragraph 38, except admit Hawks and Skierkowski did business as BCI.

39. Deny the allegations of paragraph 39, and aver that Hawks and Skierkowski provided mortgage brokerage services to Jorgensen.

40. Deny the allegations of paragraph 40, except admit Hawks and Jorgensen agreed to utilize certain information provided by Jorgensen only for mortgage brokerage purposes.

41. Deny the allegations of paragraph 41, except admit that Jorgensen provided certain financial information.

Case 1:07-cv-06764-DC    Document 29    Filed 09/28/2007    Page 7 of 40

Re: Biosafe-One, Inc. et al. v. Hawks et al.                                    Civ. No. 07-6764
Answer, Counterclaim and Third Party Complaint

42. Deny the allegations of paragraph 42, except admit that Hawks and Skierkowski received bank statements and a mortgage application from Jorgensen.

43. Deny the allegations of paragraph 43.

44. Deny the allegations of paragraph 44, except admit the bank statements and mortgage application provided by Jorgensen were to be used strictly for mortgage brokerage purposes.

45. Deny the allegations of paragraph 45, and aver that Jorgensen signed an authorization which speaks for itself.

46. Deny the allegations of paragraph 46, except admit Hawks and Skierkowski transacted business through Eastern American Mortgage Co. and NovaStar Home Mortgage, Inc.

47. Deny the allegations of paragraph 47.

48. Deny the allegations of paragraph 48.

49 In response to the allegations of paragraph 49, defendants aver that the agreement between plaintiffs and Dana Capital speaks for itself.

50. No response is needed to paragraph 50 as the same does not constitute an allegation.

51. Deny the allegations of paragraph 51.

52. Deny the allegations of paragraph 52.

Re: Biosafe-One, Inc. et al. v. Hawks et al.                                    Civ. No. 07-6764
Answer, Counterclaim and Third Party Complaint

53. Deny the allegations of paragraph 53.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54, and therefore deny the same.

55. Deny the allegations of paragraph 55.

56. Deny the allegations of paragraph 56.

57. Deny the allegations of paragraph 57.

58. Deny the allegations of paragraph 58.

59. Deny the allegations of paragraph 59.

60. Deny the allegations of paragraph 60.

61. Deny the allegations of paragraph 61.

62. Deny the allegations of paragraph 62.

63. Deny the allegations of paragraph 63; except admit that defendants inadvertently copied nondistinctive material from plaintiffs' website.

64. In response to the allegations of paragraph 64, defendants state that plaintiffs' website speaks for itself as to its content.

65. Deny the allegations of paragraph 65, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

Re: Biosafe-One, Inc. et al. v. Hawks et al.
Answer, Counterclaim and Third Party Complaint
Civ. No. 07-6764

66. In response to the allegations of paragraph 66, defendants state that plaintiffs' website speaks for itself as to its content.

67. Deny the allegations of paragraph 67, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

68. In response to the allegations of paragraph 68, defendants state that plaintiffs' website speaks for itself as to its content.

69. Deny the allegations of paragraph 69, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

70. Deny the allegations of paragraph 70, and aver that plaintiffs' website speaks for itself as to its content.

71. Deny the allegations of paragraph 71, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

72. In response to the allegations of paragraph 72, defendants state that plaintiffs' website speaks for itself as to its content.

73.  In  response  to  the  allegations  of  paragraph  73,
defendants state that plaintiffs' website speaks for itself as
to its content.

74.  In  response  to  the  allegations  of  paragraph  74,
defendants state that plaintiffs' website speaks for itself as
to its content.

75. Deny the allegations of paragraph 75, and aver that
defendants'  website  as  it  existed  at  the  time  the  verified
complaint was filed, speaks for itself.

76.  In  response  to  the  allegations  of  paragraph  76,
defendants state that plaintiffs' website speaks for itself as
to its content.

77. Deny the allegations of paragraph 77, and aver that
defendants'  website  as  it  existed  at  the  time  the  verified
complaint was filed, speaks for itself.

78.  In  response  to  the  allegations  of  paragraph  78,
defendants state that plaintiffs' website speaks for itself as
to its content.

79. Deny the allegations of paragraph 79, and aver that
defendants'  website  as  it  existed  at  the  time  the  verified
complaint was filed, speaks for itself.

Re: Biosafe One, Inc. et al. v. Hawks et al.                    Civ. No. 07-6764
Answer, Counterclaim and Third Party Complaint

80. In response to the allegations of paragraph 80, defendants state that plaintiffs' website speaks for itself as to its content.

81. Deny the allegations of paragraph 81, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

82. In response to the allegations of paragraph 82, defendants state that plaintiffs' website speaks for itself as to its content.

83. Deny the allegations of paragraph 83, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

84. In response to the allegations of paragraph 84, defendants state that plaintiffs' website speaks for itself as to its content.

85. Deny the allegations of paragraph 85, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

86. In response to the allegations of paragraph 86, defendants state that plaintiffs' website speaks for itself as to its content.

Case 1:07-cv-06764-DC   Document 29   Filed 09/28/2007   Page 12 of 40

Re: Biosafe One, Inc. et al. v. Hawks et al.
Answer, Counterclaim and Third Party Complaint

Civ. No. 07-6764

87. Deny the allegations of paragraph 87, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

88. In response to the allegations of paragraph 88, defendants state that plaintiffs' website speaks for itself as to its content.

89. Deny the allegations of paragraph 89, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

90. In response to the allegations of paragraph 90, defendants state that plaintiffs' website speaks for itself as to its content.

91. Deny the allegations of paragraph 91, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

92. In response to the allegations of paragraph 92, defendants state that plaintiffs' website speaks for itself as to its content.

93. Deny the allegations of paragraph 93, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

Case 1:07-cv-06764-DC   Document 29   Filed 09/28/2007   Page 13 of 40

Re: Biosafe One, Inc. et al. v. Hawks et al.                                    Civ. No. 07-6764
Answer, Counterclaim and Third Party Complaint

94. Deny the allegations of paragraph 94, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

95. Deny the allegations of paragraph 95, and aver that defendants' website as it existed at the time the verified complaint was filed, speaks for itself.

96. Deny the allegations of paragraph 96.

97. In response to the allegations of paragraph 97, deny that plaintiff has produced specific examples of theft, copying, misappropriation or infringement on the part of defendants; deny that paragraphs 63 to 95 set forth such examples.

98. Deny the allegations of paragraph 98.

99. Deny the allegations of paragraph 99; and aver that Exhibit O speaks for itself as to its content.

100. Deny the allegations of paragraph 100.

101. Deny the allegations of paragraph 101; and aver that Exhibit P speaks for itself as to its content.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102, and therefore deny the same; deny that defendants' site went online in March 2007.

13

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103, and therefore deny the same.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104, and therefore deny the same.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105, and therefore deny the same.

106. Admit the allegations of paragraph 106.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107, and therefore deny the same.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108, and therefore deny the same.

109. Deny the allegations of paragraph 109.

110. Deny the allegations of paragraph 110.

111. Deny the allegations of paragraph 111.

112. Deny the allegations of paragraph 112.

113. Deny the allegations of paragraph 113.

114. Deny the allegations of paragraph 114.

115. Deny the allegations of paragraph 115.

116. Deny the allegations of paragraph 116.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118, and therefore deny the same; except deny defendants had or have an infringing website.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118, and therefore deny the same; except deny making the phone calls referred to therein, and deny any acts of harassment or interference.

119. Deny the allegations of paragraph 119.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120, and therefore deny the same; deny that any such belief of plain-tiffs is reasonable.

121. Deny the allegations of paragraph 121.

## FIRST CAUSE OF ACTION
### (Copyright Infringement)

122. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

123. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123, and therefore deny the same; and aver that Exhibit A speaks for itself as to its content.

124. Deny the allegations of paragraph 124.

125. Deny the allegations of paragraph 125.

126. Deny the allegations of paragraph 126.

127. Deny the allegations of paragraph 127.

128. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128, and therefore deny the same; deny that any such belief of plaintiffs is reasonable.

129. Deny the allegations of paragraph 129.

130. Deny the allegations of paragraph 130.

## SECOND CAUSE OF ACTION
### (Federal Trade Dress Infringement, 15 U.S.C. 1125(a))

131. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

132. Deny the allegations of paragraph 132.

133. Deny the allegations of paragraph 133.

134. Deny the allegations of paragraph 134.

135. Deny the allegations of paragraph 135.

136. Deny the allegations of paragraph 136.

137. Deny the allegations of paragraph 137.

138. Deny the allegations of paragraph 138.

139. Deny the allegations of paragraph 139.

140. Deny the allegations of paragraph 140.

### THIRD CAUSE OF ACTION
### (Federal Trademark Infringement, 15 U.S.C. 1114)

141. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

142. Deny the allegations of paragraph 142.

143. Deny the allegations of paragraph 143; except deny knowledge or information sufficient to form a belief as to the truth of the allegation of extensive use of plaintiffs' purported trademarks, trade names, labels, logos, slogans, and product names, and therefore deny the same.

144. Deny the allegations of paragraph 144.

145. Deny the allegations of paragraph 145.

146. Deny the allegations of paragraph 146.

147. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147, and therefore deny the same; deny that any such belief of plaintiffs is reasonable.

148. Deny the allegations of paragraph 148.

149. Deny the allegations of paragraph 149.

## FOURTH CAUSE OF ACTION
### (Federal Trademark Dilution, 15 U.S.C. 1125(c))

150. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

151. Deny the allegations of paragraph 151.

152. Deny the allegations of paragraph 152.

153. Deny the allegations of paragraph 153.

154. Deny the allegations of paragraph 154.

155. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155, and therefore deny the same; deny that any such belief of plaintiffs is reasonable.

156. Deny the allegations of paragraph 156.

157. Deny the allegations of paragraph 157.

## FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty & Misappropriation of Corporate Opportunities)

158. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

159. Deny the allegations of paragraph 159; and aver that plaintiff Jorgensen retained defendants Hawks and Skierkowski

18

as mortgage brokers for one residential real estate purchase in the State of South Carolina.

160. Deny the allegations of paragraph 160; except admit that defendants Hawks and Skierkowski agreed to use information submitted by plaintiff Jorgensen only for mortgage brokerage purposes.

161. Deny the allegations of paragraph 161, except admit defendants Hawks and Skierkowski owed a fiduciary duty to plaintiff Jorgensen in their capacity as mortgage brokers while a mutual mortgage brokerage relationship existed.

162. Deny the allegations of paragraph 162.

163. Deny the allegations of paragraph 163; except admit Jorgensen provided bank statements, a mortgage application and authorization to obtain a credit report to Hawks and Skier-kowski, to be used for mortgage brokerage purposes only.

164. Deny the allegations of paragraph 164; except admit Jorgensen authorized Hawks and Skierkowski to obtain a credit report to be used for mortgage brokerage purposes only.

165. Deny the allegations of paragraph 165.

166. Deny the allegations of paragraph 166.

167. Deny the allegations of paragraph 167.

168. Deny the allegations of paragraph 168.

169. Deny the allegations of paragraph 169.

170. Deny the allegations of paragraph 170.

## SIXTH CAUSE OF ACTION
### (Fraud)

171. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

172. Deny the allegations of paragraph 172.

173. Deny the allegations of paragraph 173.

174. Deny the allegations of paragraph 174.

175. Deny the allegations of paragraph 175.

176. Deny the allegations of paragraph 176.

177. Deny the allegations of paragraph 177.

178. Deny the allegations of paragraph 178.

179. Deny the allegations of paragraph 179.

180. Deny the allegations of paragraph 180.

## SEVENTH CAUSE OF ACTION
### (Intentional Interference With Prospective Economic Advantage)

181. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

182. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 182, and therefore deny the same.

183. Deny the allegations of paragraph 183.

Case 1:07-cv-06764-DC    Document 29    Filed 09/28/2007    Page 21 of 40
Re: Biosafe One, Inc. et al v. Hawks et al    Civ. No. 07-6764
Answer, Counterclaim and Third Party Complaint

184. Deny the allegations of paragraph 184.

185. Deny the allegations of paragraph 185.

186. Deny the allegations of paragraph 186.

187. Deny the allegations of paragraph 187.

188. Deny the allegations of paragraph 188.

189. Deny the allegations of paragraph 189.

190. Deny the allegations of paragraph 190.

191. Deny the allegations of paragraph 191.

### EIGHTH CAUSE OF ACTION
### (Breach of Contract)

192. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

193. Deny the allegations of paragraph 193; and aver that defendants Hawks and Skierkowski agreed to use information submitted by plaintiff Jorgensen only for mortgage brokerage purposes.

194. Deny the allegations of paragraph 193; and aver that the agreement as set forth in the response to paragraph 193 was complied with by Jorgensen.

195. Deny the allegations of paragraph 195.

196. Deny the allegations of paragraph 196.

Case 1:07-cv-06764-DC Document 29 Filed 09/28/2007 Page 22 of 40
Re: Biosafe One, Inc. et al v. Hawks et al Civ. No. 07-6764
Answer, Counterclaim and Third Party Complaint

## NINTH CAUSE OF ACTION
### (Use of Plaintiffs' Name With Intent to Deceive in Violation of New York General Business Law §133)

197. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

198. Deny the allegations of paragraph 198.

199. Deny the allegations of paragraph 199.

200. Deny the allegations of paragraph 200.

201. Deny the allegations of paragraph 201.

202. Deny the allegations of paragraph 202.

203. Deny the allegations of paragraph 203.

204. Deny the allegations of paragraph 204.

## TENTH CAUSE OF ACTION
### (Infringement of Plaintiffs' Protected Trade Name and Mark in Violation of New York General Business Law §§ 360-k and 360-m)

205. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

206. Deny the allegations of paragraph 206.

207. Deny the allegations of paragraph 207.

208. Deny the allegations of paragraph 208.

209. Deny the allegations of paragraph 209.

210. Deny the allegations of paragraph 210.

211. Deny the allegations of paragraph 211.

## ELEVENTH CAUSE OF ACTION
### (Injury to Plaintiffs' Business Reputation and Dilution in Violation of New York General Business Law §§ 360-l and 360-m)

212. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

213. Deny the allegations of paragraph 213.

214. Deny the allegations of paragraph 214.

215. Deny the allegations of paragraph 215.

216. Deny the allegations of paragraph 216.

217. Deny the allegations of paragraph 217.

218. Deny the allegations of paragraph 218.

## TWELFTH CAUSE OF ACTION
### (Deceptive Business Practices, Copyright Infringement, Consumer Fraud, Unfair Competition, and False Advertising in Violation of New York General Business Law §§ 349 and 350)

219. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

220. Deny the allegations of paragraph 220.

221. Deny the allegations of paragraph 221.

222. Deny the allegations of paragraph 222.

223. Deny the allegations of paragraph 223.

224. Deny the allegations of paragraph 224.

225. Deny the allegations of paragraph 225.

226. Deny the allegations of paragraph 226.

## THIRTEENTH CAUSE OF ACTION
### (Identity Theft, N.Y. Fair Credit Reporting Act, N.Y. Gen. Bus. Law §380)

227. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

228. Deny the allegations of paragraph 228.

229. Deny the allegations of paragraph 229.

230. Deny the allegations of paragraph 230.

231. Deny the allegations of paragraph 231.

## FOURTEENTH CAUSE OF ACTION
### (Improper Acquisition and Use of Consumer Report in Violation of Federal Fair Credit Reporting Act, 15 U.S.C. §1681)

231A. (Misnumbered 204) Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

232. Admit the allegations of paragraph 232 as to defendants Hawks and Skierkowski only.

233. Deny the allegations of paragraph 233.

234. Admit the allegations of paragraph 234.

235. Deny the allegations of paragraph 235.

236. Deny the allegations of paragraph 236.

237. Deny the allegations of paragraph 237.

238. Deny the allegations of paragraph 238.

239. Deny the allegations of paragraph 239.

## FIFTEENTH CAUSE OF ACTION
### (Conversion)

240. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

241. Deny the allegations of paragraph 241.

242. Deny the allegations of paragraph 242.

243. Deny the allegations of paragraph 243.

244. Deny the allegations of paragraph 244.

245. Deny the allegations of paragraph 245.

246. Deny the allegations of paragraph 246.

247. Deny the allegations of paragraph 247.

## SIXTEENTH CAUSE OF ACTION
### (Trespass to Chattels)

248. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

249. Deny the allegations of paragraph 249.

250. Deny the allegations of paragraph 250.

251. Deny the allegations of paragraph 251.

252. Deny the allegations of paragraph 252.

253. Deny the allegations of paragraph 253.

Re: Biosafe One, Inc. et al. v. Hawks et al.
Answer, Counterclaim and Third Party Complaint

Civ. No. 07-6764

## SEVENTEENTH CAUSE OF ACTION
### (Unjust Enrichment)

254. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

255. Deny the allegations of paragraph 255.

256. Deny the allegations of paragraph 256.

257. Deny the allegations of paragraph 257.

## EIGHTEENTH CAUSE OF ACTION
### (Common Law Unfair Competition)

258. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

259. Deny the allegations of paragraph 259.

260. Deny the allegations of paragraph 260.

261. Deny the allegations of paragraph 261.

262. Deny the allegations of paragraph 262.

263. Deny the allegations of paragraph 263.

264. Deny the allegations of paragraph 264.

265. Deny the allegations of paragraph 265.

## NINETEENTH CAUSE OF ACTION
### (Prima Facie Tort)

266. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

267. Deny the allegations of paragraph 267.

268. Deny the allegations of paragraph 268.

269. Deny the allegations of paragraph 269.

270. Deny the allegations of paragraph 270.

271. Deny the allegations of paragraph 271.

272. Deny the allegations of paragraph 272.

273. Deny the allegations of paragraph 273.

### TWENTIETH CAUSE OF ACTION
(Civil Conspiracy)

274. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

275. Deny the allegations of paragraph 275.

276. Deny the allegations of paragraph 276.

277. Deny the allegations of paragraph 277.

278. Deny the allegations of paragraph 278.

279. Deny the allegations of paragraph 279.

280. Deny the allegations of paragraph 280.

273.

### TWENTY-FIRST CAUSE OF ACTION
(Permanent Injunction)

281. Defendants repeat their responses contained in the preceding paragraphs as though set forth at length herein.

Re: Biosafe One, Inc. et al. v. Hawks et al.
Answer, Counterclaim and Third Party Complaint

Civ. No. 07-6764

282. Deny the allegations of paragraph 282.

283. Deny the allegations of paragraph 283.

284. Deny the allegations of paragraph 284.

285. Deny the allegations of paragraph 285.

286. Deny the allegations of paragraph 286.

## OMNIBUS DENIAL

Defendants deny all allegations of the verified complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs come before this Court with unclean hands, having engaged in acts of unfair competition with defendants in respect of the Internet business activities of defendants Hawks and Skierkowski to which the verified complaint relates.

WHEREFORE, defendants demand judgment dismissing the verified complaint, with costs.

Re: Biosafe One, Inc. et al. v. Hawks et al.                    Civ. No. 07-6764
Answer, Counterclaim and Third Party Complaint

# COUNTERCLAIM
## Misrepresentation That Internet Activity Is Infringing

Defendants Hawks and Skierkowski, for their counterclaim against the plaintiffs, allege:

1. Plaintiffs have been and are engaged in the business of selling septic system chemicals via the Internet.

2. Defendants Hawks and Skierkowski have been and are engaged in the business of selling septic system chemicals via the Internet, in competition with plaintiffs.

3. From April 2007 until August 23, 2007 said defendants' www.newtechbio.com website was hosted by Add2Net, Inc. d/b/a Lunarpages.

4. Defendants were served with process in this action on August 8, 2007.

5. Less than ten days after being served, defendant Hawks and Skierkowski removed from their www.newtechbio.com website the material objected to by plaintiffs in the verified complaint, including all material on the www.newtechbio.com website that also appeared on plaintiffs' www.biosafeone.com website.

29

Case 1:07-cv-06764-DC   Document 29   Filed 09/28/2007   Page 30 of 40

Re: Biosafe One, Inc. et al. v. Hawks et al.   Civ. no. 07-6764
Answer, Counterclaim and Third Party Complaint

6. At all times the www.newtechbio.com website of Hawks and Skierkowski had a different look and feel than plaintiffs' www.biosafeone.com website.

7. After defendants' website was free of all material objected to by plaintiffs including all material on the www.newtechbio.com website that also appeared on plaintiffs' www.biosafeone.com website, on August 21, 2007 plaintiffs caused their attorney Odette J. Wilkens to send hosting company Add2Net, Inc. d/b/a Lunarpages a Digital Millennium Copyright Act ("DMCA") notice which stated that defendants' current website infringed on plaintiffs' copyright and demanded that it be shut down.

8. The statements in said August 21, 2007 letter sent by Odette J. Wilkens as to current infringement by plaintiffs' website were false.

9. As a result of receiving said August 21, 2007 letter, hosting company Add2Net, Inc. d/b/a Lunarpages shut down the www.newtechbio.com website of Hawks and Skierkowski.

10. The shutdown of said defendants' www.newtechbio.lcom website caused Hawks and Skierkowski to lose substantial sales and profits.

Re: Biosafe-One, Inc. et al. v. Hawks et al.
Answer, Counterclaim and Third Party Complaint
Civ. No. 07-6764

11. After Add2Net, Inc. d/b/a Lunarpages shut down the www.newtechbio.com website, defendants Hawks and Skierkowski transferred the website, under the domain name www.clogged-drainfield.com, to another hosting company, Godaddy.com.

12. By letter dated August 26, 2007 plaintiffs' attorney Odette J. Wilkens sent hosting company Godaddy.com a DMCA notice which stated that defendants' current website was infringing upon plaintiffs' copyright.

13. The statements in said August 26, 2007 letter sent by Odette J. Wilkens as to current infringement by plaintiffs' website were false.

14. As a result of receiving said August 26, 2007 letter, Godaddy.com shut down defendants' www.cloggeddrainfield.com website on August 27, 2007.

15. By e-mail memo dated August 27, 2007 defendants' attorney demanded that Odettte J. Wilkens either (1) point out exactly what significant text or graphics on the www.clogged-drainfield.com website was a copy of what protected material on the Biosafe-One website or (2) withdraw the DMCA notice letter.

16. The shutdown of said defendants' www.cloggeddrain-field.com website caused Hawks and Skierkowski to lose substantial sales and profits.

31

Re: Biosafe One, Inc. et al v. Hawks et al.                    Civ. No. 07-6764
Answer, Counterclaim and Third Party Complaint

17. Odette J. Wilkens has neither pointed out what significant text or graphics on the www.cloggeddrainfield.com website was a copy of what protected material on the Biosafe-One website nor (2) withdrawn her DMCA notice letter to Godaddy.com.

18. Because of the false DMCA notices sent by plaintiffs' attorney Odette J. Wilkens, defendants have been compelled to switch to a hosting company outside the United States at significantly increased monthly cost, and have lost substantial sales and profits during the shutdown periods.

19. The www.newtechbio.com website is the primary source of support for Hawks and Skierkowski and their families and its continued operation is vital to their economic survival.

20. Unless restrained by this Court, plaintiffs and their attorney Odette J. Wilkens will continue to send false DMCA notices to hosting companies and will send such notices to Internet service providers, causing substantial loss of sales and income and irreparable injury to defendants Hawks and Skierkowski.

21. The sending of said DMCA notice letters by Odette J. Wilkens constitutes knowing material misrepresentation by

32

Re: Biosafe One, Inc. et al. v. Hawks et al.   Civ. No. 07-6764
Answer, Counterclaim and Third Party Complaint

plaintiffs that the aforementioned websites of Hawks and Skier-kowski are infringing plaintiffs' copyright.

22. The sending of false DMCA notices as set forth above, constitutes a violation by plaintiffs of Section 512(f) of Title 17 of the United States Code.

WHEREFORE, defendants Hawks and Skierkowski are entitled to and hereby demand the following relief:

A. A preliminary and permanent injunction enjoining plaintiffs from:

a. Advising any website hosting company or Internet service provider that the websites currently or hereafter operated by defendants Hawks and Skierkowski under the domain names www.newtechbio.com or www.cloggeddrain-field.com infringe any copyright or other intellectual property rights of plaintiffs; or

b. Requesting that any website hosting company or Internet service provider cease furnishing services to or for said defendants with respect to said websites.

B. An order requiring plaintiffs to withdraw the DMCA notice letters to Add2Net, Inc. d/b/a Lunarpages and Godaddy.com.

Re Biosafe One, Inc. et al. v. Hawks et al.                                    Civ. No. 07-6764
Answer, Counterclaim and Third Party Complaint

C. Judgment for the damages, including costs and attorney's fees, suffered by defendants Hawks and Skierkowski as a result of the wrongful conduct of plaintiffs as set forth above.

D. Such other or further relief as the Court may deem appropriate under the circumstances.

## THIRD PARTY COMPLAINT
### Misrepresentation That Internet Activity Is Infringing

Defendants Hawks and Skierkowski, for their third party complaint against the third party defendant Odette J. Wilkens "Wilkens"), allege:

1. Plaintiffs have been and are engaged in the business of selling septic system chemicals via the Internet.

2. Defendants Hawks and Skierkowski have been and are engaged in the business of selling septic system chemicals via the Internet, in competition with plaintiffs.

3. From April 2007 until August 23, 2007 said defendants' www.newtechbio.com website was hosted by Add2Net, Inc. d/b/a Lunarpages.

4. Defendants were served with process in this action on August 8, 2007.

34

5. Less than ten days after being served, defendant Hawks and Skierkowski removed from their www.newtechbio.com website the material objected to by plaintiffs in the verified complaint, including all material on the www.newtechbio.com website that also appeared on plaintiffs' www.biosafeone.com website.

6. At all times the www.newtechbio.com website of Hawks and Skierkowski had a different look and feel than plaintiffs' www.biosafeone.com website.

7. After defendants' website was free of all material objected to by plaintiffs including all material on the www.newtechbio.com website that also appeared on plaintiffs' www.biosafeone.com website, on August 21, 2007 Wilkens sent hosting company Add2Net, Inc. d/b/a Lunarpages a Digital Millennium Copyright Act ("DMCA") notice which stated that defendants' current website infringed on plaintiffs' copyright and demanded that it be shut down.

8. The statements in said August 21, 2007 letter sent by Wilkens as to current infringement by plaintiffs' website were false.

Case 1:07-cv-06764-DC   Document 29   Filed 09/28/2007   Page 36 of 40
Re: Biosafe One, Inc. et al. v. Hawks et al.                                      Civ. no. 07-6764
Answer, Counterclaim and Third Party Complaint

9. As a result of receiving said August 21, 2007 letter, hosting company Add2Net, Inc. d/b/a Lunarpages shut down the www.newtechbio.com website of Hawks and Skierkowski.

10. The shutdown of said defendants' www.newtechbio.lcom website caused Hawks and Skierkowski to lose substantial sales and profits.

11. After Add2Net, Inc. d/b/a Lunarpages shut down the www.newtechbio.com website, defendants Hawks and Skierkowski transferred the website, under the domain name www.clogged-drainfield.com, to another hosting company, Godaddy.com.

12. By letter dated August 26, 2007 Wilkens sent hosting company Godaddy.com a DMCA notice which stated that defendants' current website was infringing upon plaintiffs' copyright.

13. The statements in said August 26, 2007 letter sent by Odette J. Wilkens as to current infringement by plaintiffs' website were false.

14. As a result of receiving said August 26, 2007 letter, Godaddy.com shut down defendants' www.cloggeddrainfield.com website on August 27, 2007.

15. By e-mail memo dated August 27, 2007 defendants' attorney demanded that Wilkens either (1) point out exactly what significant text or graphics on the www.cloggeddrain-

Case 1:07-cv-06764-DC   Document 29   Filed 09/28/2007   Page 37 of 40

Re Biosafe-One, One, et al. v. Hawks et al.
Answer, Counterclaim and Third Party Complaint

Civ. No. 07-6764

field.com website was a copy of what protected material on the Biosafe-One website or (2) withdraw the DMCA notice letter.

16. The shutdown of said defendants' www.cloggeddrain-field.com website caused Hawks and Skierkowski to lose substantial sales and profits.

17. Wilkens has neither pointed out what significant text or graphics on the www.cloggeddrainfield.com website was a copy of what protected material on the Biosafe-One website nor (2) withdrawn her DMCA notice letter to Godaddy.com.

18. Because of the false DMCA notices sent by Wilkens, defendants have been compelled to switch to a hosting company outside the United States at significantly increased monthly cost, and have lost substantial sales and profits during the shutdown periods.

19. The www.newtechbio.com website is the primary source of support for Hawks and Skierkowski and their families and its continued operation is vital to their economic survival.

20. Unless restrained by this Court, Wilkens will continue to send false DMCA notices to hosting companies and will send such notices to Internet service providers, causing substantial loss of sales and income and irreparable injury to defendants Hawks and Skierkowski.

Re: Biosafe One, Inc. et al. v. Hawks et al.
Answer, Counterclaim and Third Party Complaint

Civ. No. 07-6764

21. The sending of said DMCA notice letters by Wilkens constitutes knowing material misrepresentation that the afore-mentioned websites of Hawks and Skierkowski are infringing plaintiffs' copyright.

22. The sending of false DMCA notices as set forth above, constitutes a violation by Wilkens of Section 512(f) of Title 17 of the United States Code.

WHEREFORE, defendants Hawks and Skierkowski are entitled to and hereby demand the following relief:

A. A preliminary and permanent injunction enjoining Wilkens from:

a. Advising any website hosting company or Internet service provider that the websites currently or hereafter operated by defendants Hawks and Skierkowski under the domain names www.newtechbio.com or www.cloggeddrain-field.com infringe any copyright or other intellectual property rights of plaintiffs; or

b. Requesting that any website hosting company or Internet service provider cease furnishing services to or for said defendants with respect to said websites.

B. An order requiring Wilkens to withdraw the DMCA notice letters to Add2Net, Inc. d/b/a Lunarpages and Godaddy.com.

C. Judgment for the damages, including costs and attorney's fees, suffered by defendants Hawks and Skierkowski as a result of the wrongful conduct of Wilkens as set forth above.

D. Such other or further relief as the Court may deem appropriate under the circumstances.

> LESSLER & LESSLER
> Attorneys for Defendants
> 540 Old Bridge Turnpike
> South River, New Jersey 08882
> Tel (732) 254-5155
> Fax (732) 254-7630
> E-Mail Lessler@Compuserve.com
>
> s/ Arthur L. Lessler

Dated: September 28, 2007

_____
Arthur L. Lessler (AL6649)

39

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Civ. No. 07-6764
Hon. Denny Chin, U.S.D.J.

BIOSAFE-ONE, INC. d/b/a
www.biosafeone.com and
CHRIS JORGENSEN,

                                          Plaintiffs

        -against-

ROBERT HAWKS, BRAD SKIERKOWSKI;
NEWTECHBIO, USA a/k/a Brad & Company,
Inc. d/b/a www.newtechbio.com;
WWW.JUMBOMORTGAGES101.COM a/k/a
jumbomortgages.net, and BCI FUNDING
GROUP,

                                          Defendants

        -against-

ODETTE J. WILKENS,

                                  Third Party Defendant

---

## ANSWER, COUNTERCLAIM AND
## THIRD PARTY COMPLAINT

---

### LESSLER & LESSLER

**Attorneys for Defendants**
**540 Old Bridge Turnpike**
**South River, N.J. 08882**
**(732) 254-5155**

---

**To**

**Attorney(s) for**

---

**Service of a copy of the within**
                                  **is hereby admitted**
**Dated,**

_____