UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------X   Hon. Denny Chin USDJ
BIOSAFE-ONE, INC. d/b/a                                        ]   Hon. Douglas F Eaton USMJ
WWW.BIOSAFEONE.COM AND                                         ]
CHRISTOPHER JORGENSEN,                                         ]      Civ No. 07-6764
                              Plaintiffs                       ]
                                                               ]
                                                               ]
       -against-                                               ]
                                                               ]
                                                               ]
ROBERT HAWKS, BRAD SKIERKOWSKI;                                ]
NEWTECHBIO, US a/k/a BRAD & COMPANY,                           ]
INC. d/b/a WWW.NEWTECHBIO.COM;                                 ]
WWW.JUMBOMORTGAGES101 .COM a/k/a                               ]
JUMBOMORTGAGES.NET, AND                                        ]
BCI FUNDING GROUP,                                             ]
                                                               ]
                              Defendants                       ]
                                                               ]
       -against-                                               ]
ODETTE J. WILKINS,                                             ]
                                                               ]
       Third Party    Defendant                                ]
---------------------------------------------------------------X
```

Dear Judge Chin;

I am the attorney for Plaintiffs in the above-entitled matter, pursuant to a substitution of counsel duly executed and filed with the court on 11-30-07.

Defendants have submitted a proposed order to be signed and entered by the court, whereby injunctive relief is granted to Defendants and denied plaintiffs. Plaintiffs object to the order as proposed and request that the court withholds signing and entering the Order pending a conference with the parties.

Plaintiffs' objection to the order is based on its requirement that Plaintiffs first obtain court approval before advising any website hosting company or Internet Service

1

Provider that "websites currently or hereafter operated by defendants under the domain names www.newtechbio..com or www.cloggeddrainfield.com.   In this form, the subject matter protected by the order is indefinite and without clearly defined boundaries. It therefore, encompasses copying and works not yet created and being a subject of the litigation. While the litigation pertains to the above stated domain names, the domain names themselves are not works of authorship but merely platforms from which a work of authorship is published. In this case, the court examined a specific work of authorship and copying and found that work not infringing. The protection thus offered is to the work of authorship before the court not the platform on which it was displayed.

Where the work is altered giving rise to derivative works or a where a completely new work is published on the same platform, the decision of the court should not apply. To extend the injunction against Plaintiffs to future acts of copying and works of authorship create the potential for substantial prejudice and irreparable injury to Plaintiffs, since even in instances of wholesale copying and blatant infringement plaintiffs would first have to apply to the court and obtain an order before pursuing statutory remedy.

The court should take particular note of the fact that defendants have already displayed a propensity to engage in wholesale copying. A finding now that the copying at issue in this litigation does not transgress the boundaries of fair use should not form basis to strip Plaintiffs of statutory rights and remedies to protect against future acts of copying and intellectual theft.

Further, plaintiffs object to the decision from which the proposed order flows and intends to file a motion for reconsideration and modification of the decision. Plaintiffs therefore, request that the court stays entering the order until such time the motion is reconsidered and determined.

Additionally, at various parts of the decision the court names a supplier of Plaintiff **BIOSAFE-ONE, INC**. The naming of the supplier bears full resemblance of an oversight by the Court of the confidential and privileged nature of the information, particularly in light of the fact that the court itself describes the supplier as a secret supplier.

Plaintiffs have invested significant sums in research and compilation of various information and documents forming its trade secrets and intellectual property. Including in this category of information is the list of Plaintiffs suppliers, business model, and operational procedures.

Further, publication of Plaintiffs suppliers, customers, and vendors violates the privacy policy of a business entity that has made the protection of the privacy information of customers and vendors, a cornerstone of its operation.

Because of the complex nature of the pending law suit, privileged information was released to the court and are contained in Plaintiff's Christopher Jorgensen's testimony and other initial discovery materials. The information contained therein, was released by Plaintiff with the distinct understanding that it will gain the protection of the court and be sealed.

3

**WHEREFORE**; Plaintiffs respectfully request (a) that the court excludes the name of Plaintiffs' Suppliers from the decision; (b) that the court schedule a conference to address more fully the issue of sealing other privileged and confidential information contained in the record but not forming a part of the court's decision and which may be submitted to the court as part of future discovery, motion, and trial; and discuss the issue of plaintiff's objection to the proposed order and motion to reconsider so that to the extent possible, contentious issues may be resolved to avoid unnecessary motions and pleadings.

Dated: New York, New York
         12-10-2007

**Vivian M. Williams, Esq. LL.M (VW  1268 )**
**VIVAIN M. WILLIAMS & ASSOCIATES, P.C.**
**14 Wall Street, 20ᵗʰ Floor**
**New York, NY 10005**
**(212) 618-1791**
**vwilliams@vmwassociates.com**
**www.vmwassociates.com**

cc:

Anthony M. Wilger, Esq.                                           via facsimile and mail
67 Wall Street, Suite 2211
New York, NY 10005

Odette J. Wilkens, Esq.                                           via email and mail
67-30 Dartmouth Street, Suite 7-M
Forest Hills, New York 11375
owilkkens@nyc.rr.com