# MEMO ENDORSED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LESSLER & LESSLER
Attorneys for Defendants
540 Old Bridge Turnpike
South River, New Jersey 08882
Tel. (732) 254-5155

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/08
```

BIOSAFE-ONE, INC. d/b/a )
www.biosafeone.com and )
                                                    )
CHRIS JORGENSEN                         ) Hon. Denny Chin, USDJ
                                                    ) Hon. Douglas F. Eaton, USMJ
            Plaintiffs,                        )
                                                    )
                                                    )
      v.                                          ) Civ. No. 07-6764 (DC)(DFE)
                                                    )
ROBERT HAWKS, BRAD SKIERKOWSKI; )
NEWTECHBIO, USA a/k/a Brad & Company, )
Inc. d/b/a www.newtechbio.com; )
WWW.JUMBOMORTGAGES101.COM a/k/a )
jumbomortgages.net, and BCI FUNDING )
GROUP, )
                                                    )
            Defendants.                      )
                                                    )

## PROTECTIVE ORDER

Plaintiffs and Defendants have requested that a Protective Order be entered to govern the exchange of discovery material that the parties regard as confidential. In support of this request, each of the parties has submitted a declaration that explains why he or she believes this Protective Order is necessary. The individuals who have submitted such a declaration are

plaintiff Christopher Jorgensen and defendant Robert Hawks. Based upon the declarations before the Court and the record in this case, the Court makes the following findings of fact:

This case concerns a copyright and unfair competition dispute relating to the sale of septic system chemicals via the Internet. The parties are direct competitors. Each party seeks damages from the other, to be measured in part by loss of profits of one party and/or profits of the other party from sales of the chemicals. Plaintiffs have asserted claims of breach of fiduciary duty, fraud, trademark infringement, and appropriation of trade secrets, among others.

Each party zealously guards information as to its sales, expenses, profits, vendors, customers, marketing practices and other operational trade secrets. In order to determine damages, disclosure of such information including accounting records and supporting documents may be necessary. Given the nature of the claims and defenses asserted by the parties, discovery is likely to focus on the aforementioned areas and may include information as to sources of supply including prices paid, other expenses claimed by the parties, their net incomes, the frequency and amount of chemicals purchased by particular customers, and other information of a sensitive proprietary nature. Thus discovery will focus on information of a sensitive, confidential, and proprietary nature.

Good cause exists for entry of this Order. *See* Fed. R. Civ. P. 26(c); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The nature of the case requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing party's legitimate proprietary interests. This Protective Order provides reasonable restrictions on the disclosure of such sensitive materials. In order to streamline the discovery process and minimize the need for Court intervention, this Protective Order adopts an "umbrella" approach that allows the producing party to designate

2

certain materials being produced or deposition testimony as confidential. Disclosure of materials designated as "CONFIDENTIAL INFORMATION" or "OUTSIDE COUNSEL EYES ONLY" is limited to specific classes of persons. In addition, this Protective Order allows for filing confidential documents with the Court under seal, if such documents need to be filed as part of motion practice or other proceedings.

This Order also provides that the party requesting production of the information may challenge the producing party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential. The Order allocates to the producing party the burden of justifying the confidentiality designation. Umbrella orders of this type have been approved by the United States Court of Appeals for the Third Circuit. *See Pansy*, 23 F.3d at 787 n.17; *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987).

Accordingly, the Court hereby enters the following Protective Order:

Case 1:07-cv-06764-DC Document 43 Filed 05/21/2008 Page 4 of 15

Biosafe-One, Inc. et al. v. Hawks et al.
Protective Order
Civ. No. 07-6764 (DC)(DFE)
040708

## Protective Order

Whereas, plaintiffs and defendants recognize that pursuant to discovery they may be required to disclose trade secrets and other confidential information; and

Whereas, these parties, through counsel, stipulate that the good cause standard set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) exists for the entry of this Protective Order pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced in this case;

Therefore, the following provisions of this Order shall control the disclosure, dissemination, and use of information in this case:

1. This Protective Order (the "Order") shall govern the disclosure and/or production of any and all information, documents and tangible things by plaintiffs and defendants in connection with the above-captioned civil action ("the Action"). Nothing contained herein creates an obligation for a party to produce requested information or deliver any requested document or tangible item where the same is protected from disclosure by a court rule, order or applicable decision, statute or constitutional right.

2. Any producing person, entity or third party ("producing party") may designate any information, document or tangible item to be disclosed and/or produced as CONFIDENTIAL INFORMATION if: (a) the producing party claims in good faith that such information, document or tangible item comprises or contains trade secret or other confidential information within the meaning of Fed. R. Civ. P. 26(c)(7); and (b) the producing party gives notice, as provided in this Order, that such information, document or tangible item comprises or contains CONFIDENTIAL INFORMATION.

4

Biosafe-One, Inc. et al. v. Hawks et al.
Protective Order

Case 1:07-cv-06764-DC   Document 43   Filed 05/21/2008   Page 5 of 15
7-6764 (DFE)
040708

A. All information, documents or tangible items to be produced in tangible form that the producing party wishes to designate as CONFIDENTIAL INFORMATION must, prior to production to the receiving party, be labeled by the producing party with the legend: CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, or a suitable equivalent. The producing party and the receiving party shall agree on how electronic data will be marked.

B. All information to be disclosed initially for inspection (such as for selection of materials for copying and production) that the producing party wishes to designate as CONFIDENTIAL INFORMATION must, prior to such disclosure, be specified in a writing provided to the receiving party (or orally, if followed by the necessary writing) that identifies the specified information as CONFIDENTIAL INFORMATION. All information to be disclosed orally (such as at a deposition) shall be automatically designated as CONFIDENTIAL INFORMATION for a period of thirty (30) days from the date the deposition transcript becomes available. Thereafter, the information contained in the deposition transcript will no longer be deemed CONFIDENTIAL INFORMATION unless: (1) in a writing sent to counsel for the receiving party before the expiration of the thirty-day period, counsel for the producing party claims in good faith that the deposition transcript (or a specified portion of it) contains CONFIDENTIAL INFORMATION; or (2) at the deposition, counsel for the producing party stated on the record that certain portions of the deposition transcript will contain CONFIDENTIAL INFORMATION.

3. Each page of each document and each discrete unit of each tangible item produced in discovery shall, to the extent practicable, bear a prefix identifying the producing party and a unique identifying number.

4. In the event that a producing party believes that access to particular CONFIDENTIAL INFORMATION or documents(s) or tangible item(s) containing CONFIDENTIAL INFORMA-

TION requested by the receiving party should be more limited than is provided in Paragraph 6 below, the producing party may additionally designate the information OUTSIDE COUNSEL EYES ONLY. Only information that is highly sensitive from a commercial or competitive standpoint shall be designated OUTSIDE COUNSEL EYES ONLY. Information appropriate for designation as OUTSIDE COUNSEL EYES ONLY shall presumptively include current and future strategic, marketing, business, or financial plans, and the identity of customers and vendors. Information not described in the preceding sentence shall be rebuttably presumed not to be appropriate for OUTSIDE COUNSEL EYES ONLY designation. Disclosure of information designated OUTSIDE COUNSEL EYES ONLY shall be limited to Qualified Persons identified in Subparagraphs 6A, 6D, 6E, 6F, 6G, 6H and 6I below. Documents containing such information may be produced in redacted form, with the information designated OUTSIDE COUNSEL EYES ONLY redacted; provided, however, that persons identified in Subparagraph 6A shall be entitled to a copy of the unredacted document, which copy shall be provided promptly upon request. Documents so redacted shall bear the notation "Redacted – Outside Counsel Eyes Only" or a comparable designation. In the event that a receiving party wishes to receive particular information, document(s), or tangible item(s) designated OUTSIDE COUNSEL EYES ONLY in a redacted form that can be shown to persons identified in Subparagraphs 6B and 6C below, outside counsel for the receiving party shall provide a proposed redacted form of the particular information, document(s), or tangible item(s) to the producing party. The producing party and the receiving party shall consult in an effort to agree on appropriate redactions. If the producing party and the receiving party are unable to agree, the party objecting to the designation shall file a motion to seek the OUTSIDE COUNSEL EYES ONLY restriction requested. Prior to a final decision on any such motion, access to the

information, document or tangible item shall be limited to the persons identified in Subparagraphs 6A, 6D, 6E, 6F, 6G, 6H and 6I.

4A. Anthony M. Wilger, Esq. shall not be deemed a Qualified Person for purposes of this Protective Order and shall not have access to any CONFIDENTIAL INFORMATION of defendants.

5. Any information, document or tangible item designated CONFIDENTIAL INFORMATION that is disclosed and/or produced in connection with this Action shall be maintained in strict confidence by the receiving party; shall be used solely in connection with the disputes between or among the parties concerning this Action, subject to any further order of this Court regarding confidentiality; and shall not be disclosed to, or used by, any individual or entity except as permitted by this Order.

6. Except as set forth in paragraph 4 above, access to CONFIDENTIAL INFORMATION shall be strictly limited to the following persons ("Qualified Persons"):

A. Outside counsel of record for the receiving party, and the secretarial, clerical, paralegal and other supporting personnel of said outside counsel;

B. Other counsel for the receiving party;

C. INTENTIONALLY OMITTED.

D. Outside experts or consultants for the receiving party who are not (and have not been) employees or independent contractors of the producing or receiving party and who are retained in connection with the disputes between or among the parties concerning this Action, and their supporting personnel; provided that the disclosure of CONFIDENTIAL INFORMATION to any such expert or consultant shall be made only after:

Biosafe Case 1:07-cv-06764-DC al. Document 43 Filed 05/21/2008 7-6764 (DC)(DFE) Page 7 of 15
Protective Order 040708

(1) Counsel desiring to disclose CONFIDENTIAL INFORMATION to such an expert or consultant obtains a completed and signed undertaking in the form of Exhibit A attached hereto from the expert or consultant and forwards a copy of said completed and signed undertaking and the expert's or consultant's current curriculum vitae to counsel for the producing party, together with a list of all cases in which the expert or consultant has testified at trial or by deposition in the last four (4) years; and

(2) Expiration of a period of ten (10) business days, commencing with the receipt by counsel for the producing party of a copy of the expert's or consultant's completed and signed undertaking and current curriculum vitae. During this period, counsel for the producing party may object in good faith to the disclosure of CONFIDENTIAL INFOR-MATION to this expert or consultant for cause, e.g., an identified conflict of interest. If counsel for the producing party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within said ten-day period. In the event that a good-faith objection is made within the prescribed period, there shall be no disclosure of CONFIDENTIAL INFORMATION to the expert or consultant until there is an express written agreement between the producing party and the receiving party or an order of this Court removing the objection. Absent agreement, the party seeking disclosure to an objected-to expert shall refrain from making any disclosure of CONFIDENTIAL INFORMATION to the objected-to expert unless such party obtains an order of the Court removing the objection;

E. Outside vendors used to image, code, or otherwise process received documents and tangible items;

Biosafe-One, Inc. et al. v. Hawks et al.
Protective Order
Case 1:07-cv-06764-DC Document 43  Filed 05/21/2008  Civ. No. 07-6764 (DC)(DFE) Page 9 of 15
040708

F. Non-technical trial consultants and graphics or design firms retained by outside counsel for the receiving party for the purpose of preparing demonstrative or other exhibits, including their supporting personnel;

G. Licensed court reporters and videographers employed in connection with this Action;

H. This Court and its authorized personnel; and

I. Persons indicated on the face of a document containing CONFIDENTIAL INFORMATION as an author or recipient of the document, but only with respect to such document.

7. Subject to Paragraph 4, and with the exception of OUTSIDE COUNSEL EYES ONLY information, the designated in-house counsel or representatives of the receiving party shall be permitted to inspect and have access to all CONFIDENTIAL INFORMATION and to discuss such CONFIDENTIAL INFORMATION with any other person identified in Paragraph 6.

8. CONFIDENTIAL INFORMATION may be used, relied upon and referred to in any testimony or other evidence presented at any trial, hearing or deposition conducted in connection with the disputes between or among the parties to this Action, so long as the persons taking, providing and observing such testimony or evidence are authorized to have access to such CONFIDENTIAL INFORMATION under the terms of this Order, and subject to any further order of this Court regarding confidentiality. A party whose CONFIDENTIAL INFORMATION is or will be used in the taking or providing of any such testimony or evidence may request that the Court restrict access to its CONFIDENTIAL INFORMATION at any trial, hearing or deposition.

9. If the CONFIDENTIAL INFORMATION of a producing party is to be filed by a receiving party with this Court in connection with any proceeding in this Action, the receiving

9

Biosafe-One, Inc. et al. v. Hawks et al.
Protective Order
Case 1:07-cv-06764-DC  Document 43  Filed 05/21/2008  Page 10 of 15
Civ. No. 07-6764 (DC)(DFE)
040708

party shall take all appropriate steps to make and maintain such filing under seal, including compliance with any applicable Local Civil Rules of the Court in this Action.

10. This Order shall not limit a party's examination, at a deposition, hearing or at trial, of persons who are not authorized to receive CONFIDENTIAL INFORMATION under the terms of this Order, so long as such examination concerns CONFIDENTIAL INFORMATION that the witness authored or previously had access to or knowledge of, as demonstrated by the CONFIDENTIAL INFORMATION itself or by foundation testimony during a deposition, hearing or trial. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine, without revealing the CONFIDENTIAL INFORMATION, whether he or she authored or previously had access to or knowledge of CONFIDENTIAL INFORMATION.

11. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice the attorney shall not disclose any CONFIDENTIAL INFORMATION received from another party or third party to unauthorized persons. Further, such advice should not be given in a manner that circumvents or renders ineffective the letter and spirit of this Order.

12. A receiving party's acceptance of material designated CONFIDENTIAL INFORMATION by a producing party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Fed. R. Civ. P. 26(c)(7). This Order shall not foreclose any party from moving for an order that materials designated CONFIDENTIAL INFORMATION are not confidential within the meaning of Fed. R. Civ. P. 26(c)(7) or that materials designated OUTSIDE COUNSEL EYES ONLY are improperly designated or for other relief. Prior to bringing such a motion, however, the receiving party shall first request in writing

that the producing party change or remove its confidentiality designation. If the producing party declines or fails to change its confidentiality designation within ten (10) business days from the request, the receiving party may move for an order changing or removing the designation. On such a motion, the producing party shall have the burden of proving that the material it designated CONFIDENTIAL INFORMATION embodies its trade secrets or other confidential information within the meaning of Fed. R. Civ. P. 26(c)(7) or that the material it designated OUTSIDE COUNSEL EYES ONLY is designated appropriately.

13. The inadvertent or mistaken disclosure and/or production of any information, document or tangible item without one of the designations provided by Paragraph 2 or 4 of this Order shall be brought to the attention of the receiving party promptly after discovery of such inadvertence or mistake. Upon receipt of such notice, the receiving party shall treat the information contained in or derived from said documents and/or tangible items as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY, as instructed by the producing party, unless an Order of this Court otherwise provides. Along with the notice of such inadvertent or mistaken undesignated disclosure or production, the producing party shall provide properly designated documents and/or tangible items, if applicable. Upon receipt of such notice and properly designated documents and/or tangible items, if applicable, the receiving party shall return or destroy the improperly designated documents and/or tangible items, and confirm such return or destruction in writing to the producing party, substitute the properly designated documents and/or tangible items for those previously received and treat the information contained in or derived from said replaced documents and/or tangible items as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY, according to the producing party's designation, and make reasonable efforts to obtain the prompt return of any OUTSIDE COUNSEL EYES

11

Biosafe-One, Inc. et al. v. Hawks et al.
Protective Order
Case 1:07-cv-06764-DC   Document 43   Filed 05/21/2008   Page 12 of 15
Civ. No. 07-6764 (DC)(DFE)
040708

ONLY or other CONFIDENTIAL INFORMATION that may have been provided to someone no longer authorized to see such information.

14. Should any CONFIDENTIAL INFORMATION be disclosed by a receiving party to any person not authorized at the time of disclosure to have access to such information under this Order, the receiving party shall: (a) use objectively reasonable efforts to obtain the prompt return of any such CONFIDENTIAL INFORMATION; (b) within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the producing party; and (c) request such person to sign an undertaking in the form of Exhibit A attached hereto. If executed, the undertaking shall be served upon counsel of record for the producing party within three (3) business days of its receipt by the receiving party. The requirements set forth in this paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

15. Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends are protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other applicable privilege or immunity. A producing party may produce a redacted version of information, documents or tangible things that counsel contends are protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "Redacted-Privileged" or a comparable designation.

16. If a producing party inadvertently or mistakenly produces information, documents or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege, work product immunity or any other applicable privilege or immunity, such production

12

Case 1:07-cv-06764-DC    Document 43    Filed 05/21/2008    Page 13 of 15

Biosafe-One, Inc. et al. v. Hawks et al.    Civ. No. 07-6764 (DC)(DFE)
Protective Order    040708

shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege, work-product immunity or any other applicable privilege or immunity for such information, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken, promptly identifies such information, documents or tangible items on a privilege log and takes prompt remedial action to withdraw the disclosure. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege, work-product immunity or other applicable privilege or immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that this Order shall not preclude the party returning such information from making a motion to compel production of the returned information. The producing party shall retain copies of all returned documents and tangible items for further disposition.

17. If the discovery process calls for the production of information, documents or tangible items that a party cannot produce because their disclosure would breach an agreement with or obligation to a third party to maintain such information in confidence, the producing party shall, no less than ten (10) business days before the date scheduled for production, or as soon thereafter as is reasonably practicable, give written notice to the third party that its information is subject to discovery in this Action and provide the third party with a copy of this Order. At the same time such written notice is given to the third party, the producing party shall advise the putative receiving party of: (a) the fact that such notice has been given; (b) the request for production that the material is responsive to; and (c) the name and address of the third party. The requested

Case 1:07-cv-06764-DC Document 43 Filed 05/21/2008 Page 14 of 15
Biosafe-One, Inc. et al. v. Hawks et al.          Civ. No. 07-6764 (DC) (DFE)
Protective Order                                                      040708

material shall not be produced by a party to the Action unless the third party so agrees or the requesting party secures a Court order compelling production. Nothing in this Order, however, shall prejudice any right a party to the Action has to subpoena, serve letters rogatory or otherwise seek discovery from any third party. The party to whom a demand is made for discoverable information, documents, or tangible items within the scope of this paragraph retains the right to first challenge the demand if in good faith it believes such demand to be inappropriate, before complying with the requirement to produce any identity information of the third-party; provided, however, that any such challenge shall be communicated to the other parties within ten (10) days after the demand is made.

18. The restrictions and obligations set forth in this Order relating to CONFIDENTIAL INFORMATION shall not apply to any information that: (a) the producing party and receiving party agree, or the Court rules, is already public knowledge as of the date of production; (b) the producing party and the receiving party agree, or the Court rules, has become public knowledge other than by a disclosure by a receiving party; or (c) has come or hereafter comes into the receiving party's legitimate possession without any confidentiality restrictions and independently of the producing party.

19. In the event that a receiving party desires to provide access to CONFIDENTIAL INFORMATION to any person not entitled to such access under this Order, the receiving party shall first request in writing an agreement to do so from the producing party. If the producing party declines or fails to enter into such an agreement within ten (10) business days, the receiving party may move the Court for an order that such person be given access thereto. In the event that the motion is granted, such person may have access to CONFIDENTIAL INFORMATION after first signing an undertaking in the form of Exhibit A attached hereto, a

14

Biosafe-One, Inc. et al. v. Hawks et al. Document 43   Filed 05/21/2008   Page 15 of 15
Case 1:07-cv-06764-DC   Document 37-6   Filed 04/07/08   Page 15 of 15
Protective Order                                                                    040708

copy of which shall be forwarded promptly to counsel for the producing party, or under such other conditions as to which the receiving and producing parties may agree or this Court may order.

20. This Order shall not prevent any party from applying to the Court for further or additional protective orders or other relief.

21. This Order shall survive the termination of this Action.

22. After final termination of this Action, including any appeals, outside counsel for a receiving party may retain one archival copy of pleadings, briefs, motions, deposition transcripts, deposition exhibits, discovery requests and responses, Court transcripts, Court exhibits, and other submissions to the Court containing CONFIDENTIAL INFORMATION. Within sixty (60) days after final termination of this Action, including any appeals, any and all additional CONFIDENTIAL INFORMATION of a producing party in the possession, custody or control of a receiving party – or in the possession, custody or control of any person allowed access to such information under Paragraph 6 of this Order – must be either: (a) returned to outside counsel for the producing party; or (b) destroyed and such destruction certified in writing to outside counsel for the producing party.

SO ORDERED:

This 21st day of May, 2008

THE HONORABLE DENNY CHIN
United States District Judge
Southern District of New York