# 07-6764-cv

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIOSAFE-ONE, INC. d/b/a WWW.BIOSAFEONE.COM
and CHRISTOPHER JORGENSEN,

                                              Plaintiffs,

-against-

ROBERT HAWKS; BRAD SKIERKOWSKI;
NEWTECHBIO, USA a/k/a BRAD & COMPANY,
INC. d/b/a WWW.NEWTECHBIO.COM; and
WWW.JUMBOMORTGAGES101.COM a/k/a
JUMBOMORTGAGES.NET; and BCI FUNDING
GROUP,

                                              Defendants.

Motion for Sanctions

## MEMORANDUM OF POINTS AND AUTHORITIES

| | |
|---|---|
| LESSLER & LESSLER | VIVIAN M WILLIAMS & ASSOCIATES, P.C. |
| Attorneys for the Defendants | Attorneys for the Plaintiff |
| 540 Old Bridge Turnpike | 14 Wall Street, 20th Floor |
| South River, New Jersey 08882 | New York, New York 10005 |
| 732-254-5155 | 212-618-1791 |
| BY: ARTHUR L. LESSLER, ESQ. | BY: VIVIAN M. WILLIAMS, ESQ. |

**PRELIMINARY STATEMENT**          07 cv- 6764 (DC) (DFE)

Plaintiffs **BIOSAFE-ONE** and **CHRISTOPHER JORGENSEN** (hereinafter Plaintiffs) respectfully submit this Memorandum of Points and Authorities in support of their motion for sanctions against the Defendants.

## STATEMENT OF FACTS

Defendants **ROBERT HAWKS** appeared before the court and in sworn testimony stated the Defendants never contacted any vendor which at the time they knew to be a vendor of the plaintiffs[1]. Defendants **HAWKS** however admits that he did receive Plaintiffs' bank statements. The bank statements had the name of at least one of Plaintiffs' vendor clearly listed.[2] The bank statements were reviewed by Defendant **HAWKS**. Defendant did in fact contact and pursued Plaintiffs' vendor that was listed on the bank statements provided to Defendants[3].

Further, Defendant **HAWKS** admits that he discovered the identity Plaintiffs' vendor before contacting the vendor through what he himself made out to be a simple process of logical deduction. **HAWKS** testified at the hearing on the preliminary injunction on October 2, 2007 that it took him a mere 2-seconds to figure out who Plaintiffs' vendor was. The defendants testified at the preliminary injunction hearing that he used information about an ingredient of Plaintiffs' product (550 billion bacteria count) as the search term to discover the manufacturer of the product and Plaintiffs' supplier was

---

[1] Transcript of the testimony of Robert Hawks at the hearing on the Preliminary injunction, held on October 2, 2007, pg 61, lines 16-18.
[2] Transcript of Deposition of Robert Hawks held on September 18, 2008, page 57 to 58.
[3] Id at pages 50-51.

1

07 cv- 6764 (DC) (DFE)

found as a result of that internet-search. **EXHIBIT C**, (page 60 line 14 to 21. The search was done deliberately to find out Plaintiffs' supplier(s). There under cross-examination defendant **HAWKS** was asked:

> *Q Did you do any search, any internet search, respecting information on the plaintiff's website?*
>
> *Hawks: I did look on his web site as a competitor, and I looked at his bacterial counts. It was a two-second—it was a two-second conclusion to figure out who he's buying from. There was only one person that I could find on the internet Google that sells 550 billion bacteria in that quantity; it's Novozymes.*

In his September 18, 2008 deposition (**EXHIBIT A**) Hawks again admitted that he found Plaintiffs' supplier in a deliberate effort to discover the supplier of Plaintiffs products. **EXHIBIT A, pg. 48 to 51**. Importantly, he admits contacting the supplier after this discovery.

In his deposition on September 18, 2008 **BRAD SKIERKOWSKI** testified under oath stating that he never received a single mortgage lead from **JUMBO MORTGAGES 101**[4]. This assertion by **SKIERKOWSKI** is contradicted by the findings of the Commonwealth of Pennsylvania Department of Banking in an action brought by said department against the Defendants Brad Skierkoswski and Robert Hawks. **EXHIBIT H (Consent Agreement and Order filed 2/28/2008)**. Further, in his September 18 deposition **SKIERKOWSKI** represented himself as NOT been involved in or

---

[4] EXHIBIT B, Transcript of Deposition of Brad Skierkowski, held on Sept. 18, 08, page 18, lines 19-21.

2

07 cv- 6764 (DC) (DFE)

having knowledge of the activities of **JUMBOMORTGAGES 101**, indicating that co-defendant Robert Hawks was the person involved. **EXHIBIT B**, pg. 17 line 17 to pg. 19. **EXHIBIT H**, and the website for jumbomortgage101.com itself clearly and direct contradict the representations made by **SKIERKOWSKI**[5].

The defendants have failed to provide any discovery and disclosure from jumbomortgages101.com a/k/a Jumbomortgages.net. **JUMBMORTGAGES101.COM** was the entity Plaintiff Jorgensen was under a distinct impression he was doing business with and was the means by which Plaintiffs' relationship with Defendants was initiated and sustained. In the action commenced by the Pennsylvania Department of Banking against Defendants **HAWKS** and **SKIERKOWSKI**, it was determined that the defendants operated jumbomortgages101.com under a name other than a licensee[6]. By this determination, defendants are separately liable and accountable for the activities of jumbomortgage101.com. Further, the defendants agree to be bound by the determinations and findings of the Consent Agreement and Order[7]. Jumbomortgages101.com was not licensed to do mortgages. **EXHIBIT O** (affidavit from Pennsylvania Department of Banking, Licensing Division)

The Defendants have failed to provide Plaintiffs with a wide range of other requested discovery. **EXHIBITS J, K, and L**, and used evasiveness to circumvent

---

[5] EXHIBIT P, printing out from jumbomortgages101.com showing profile of Brad Skierkowski.
[6] EXHIBIT H, pg.2-3.
[7] Id, at page 6, numbered paragraph 31.

3

07 cv- 6764 (DC) (DFE)

discovery and Plaintiffs' ability to effectively litigate their claims against the defendants. **EXHIBIT S J, K, and L**. Further, Defendants failed to provide a copy of the Consent Order and Agreement (EXHIBIT H).

### SUMMARY OF PLAINTIFFS CLAIMS FOR SANCTIONS

Plaintiffs assert that Defendants willfully omitted the names of persons and entities with material knowledge of the subject matter of this action, and who have important documents, and things in their possession to prove Plaintiffs claims against the Defendants. From the inception of this action Defendants either knew that there were other parties who have knowledge, documents and things that are material to Plaintiffs' claims against the Defendants and who Plaintiffs may want to add as parties to the action, and deliberately withheld the information from Plaintiffs so as to obstruct Plaintiffs efforts to obtain necessary discovery, or Defendants fabricated claims that third-parties have knowledge, documents, and things, material to the subject matter of the litigation to evade disclosure to Plaintiffs and evade discovery requests.

Defendants operated jumbomortgages101.com by holding it out as a legitimate entity with the necessary authority to provide mortgage and financial services to the public. Further, Defendants failed to disclose and make a claim that an entity other than jumbomortgages101.com was materially involved in the mortgage transaction with Plaintiffs. Instead the Defendants waited for the last moment to hide behind additional parties not previously disclosed to circumvent the discovery process. Further, the

4

07 cv- 6764 (DC) (DFE)

Defendants are estopped from asserting that they acted through Eastern American Mortgage Company, and or Dana Capital because the Pennsylvania Banking Department has determined that jumbomortgages101.com was acting independently of these entities and Defendants agreed to be legally bound by that determination.

As for Defendants' testimony Plaintiffs assert that Defendants knowingly misrepresented facts to the court while under oath, and while testifying under oath at various depositions. These misrepresentations were neither errors, nor a lapse of memory but instead were deliberate attempts to pass-off misrepresentations as facts.

Additionally, the Defendants were deliberately evasive in the discovery process. Defendants' evasiveness was in bad-faith and intended to prejudice Plaintiffs in their attempt to prosecute their claims against Defendants.

Defendants have co-mingled the affairs, including financial affairs of several businesses including the operations of jumbomortgages101.com and other businesses individually owned or operated by the Defendants. **EXHIBIT H (Consent Agreement and Order filed 2/28/2008)**. See also **EXHIBIT B pg. 6 line 12 to pg. 8.** Defendants are individually, and jointly liable with jumbomortgages101.com for the alleged wrong committed against Plaintiffs in this action. Defendants have circumvented the discovery process and have been non-responsive.

5

07 cv- 6764 (DC) (DFE)

## ARGUMENT

### SANCTION IS NECESSARY IN THE CASE AT BAR

Here it is clear that Defendants engaged in a deliberate scheme to frustrate Plaintiffs' efforts to gather the information, documents, and things needed to prove their case. Because of the nature of the transactions at issue Defendants seek to exploit the difficulty a litigant in the position of Plaintiffs would experience in obtaining the credible evidence needed to prove their case. In such circumstances Rule 37 sanction is available, not merely to penalize those whose conduct may be deemed to warrant such sanction, but to deter those who might be tempted to engage in such conduct in absence of such deterrent. National Hockey League v Metropolitan Hockey Club (1976) 427 US 639, 96 S Ct 2778, 49 L Ed 2d 747, 1976-1 CCH Trade Cases P 60941, 21 FR Serv 2d 1027, reh den (1976) 429 US 874, 97 S Ct 196, 97 S Ct 197, 50 L Ed 2d 158.

Further, sanctions found in Rule 37 are only relief available for failure to make discovery. Countryside Casualty Co. v Orr (1975, CA8 Ark) 523 F2d 870. It was recognized from time of adoption of discovery rules that without adequate sanctions, procedure for discovery would be ineffectual. Burroughs Corp. v Philadelphia AFL-CIO Hospital Asso. (1978, ED Pa) 26 FR Serv 2d 839. Here Defendants have boldly sought to make the discovery process ineffectual for Plaintiffs. They did this by denying the existence of material documents, failing to provide information material to Plaintiffs' case, and providing incomplete and evasive responses. The Defendants have failed to

6

07 cv- 6764 (DC) (DFE)

provide documents as basic as their telephone record, and have not provided sufficient information about their profit and losses for Plaintiffs to be able to properly estimate their damages. See **EXHIBIT L.** Also the Defendants misrepresented facts under oath with a level of frequency that clearly reveals a deliberate scheme to frustrate Plaintiffs efforts to gather evidence to prosecute their claims.

In . In re September 11th Liab. Ins. Coverage Cases (2007, SD NY) 243 FRD 114., this court imposed Fed. R. Civ. P. 37 sanctions on insurer and its attorneys to defray costs that lessor and corporation unreasonably incurred in wasted discovery proceedings because (1) insurer's and its attorneys' failure to disclose document and relevant underwriting guidelines and forms caused unnecessary litigation, and compounded their Fed. R. Civ. P. 11 violations; (2) document showed insurer's understanding and intent that company's subsidiaries were to be named insureds on commercial general liability policy; (3) insurer's and its attorneys' delays and destructions multiplied proceedings and caused undue time and expense; and (4) precision in determining what amounts of time parties devoted to issue, separate from all other issues, was not possible. In re September 11th Liab. Ins. Coverage Cases (2007, SD NY) 243 FRD 114.

In the case at bar Plaintiffs was deprived of discovery against Eastern American Mortgage Company, and **DANA CAPITAL**, both as parties and non-parties because of Defendants' failure to comply with mandatory disclosure requirements and provide

7

07 cv- 6764 (DC) (DFE)

timely notice that these entities have knowledge of the subject matter of the litigation and were involved in the transaction at issue. Because of this failure the court denied Plaintiffs' application to amend the complaint to include additional parties and in fact the court advised that separate litigation be commenced if Plaintiffs seek relief against the additional parties. However, the commencement of separate litigation does not redress Plaintiffs prejudice because it involves additional cost and deprives Plaintiffs of discovery and disclosure in the instant matter.

Further if the Court Denies the relief requested by Plaintiffs in this motion, Defendants will benefit from their failure to comply with the discovery rules of this court. Sanctions under FRCP 37 are intended to ensure that party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in absence of such deterrent. Starbrite Waterproofing Co. v Aim Constr. & Contractor Corp. (1996, SD NY) 164 FRD 378, 34 FR Serv 3d 867.

### Defendants' Conduct Involve Willfulness

In determining sanctions courts will consider "willfulness" on part of person or party failing to act in accordance with discovery procedures. Diaz v Southern Drilling Corp. (1970, CA5 Tex) 427 F2d 1118, 71-1 USTC P 9236, 13 FR Serv 2d 1018, 26 AFTR 2d 5397, cert den (1970) 400 US 878, 91 S Ct 118, 27 L Ed 2d 115, reh den (1971) 400 US 1025, 91 S Ct 580, 27 L Ed 2d 638 and (criticized in United States v Alisal Water Corp. (2004, CA9 Cal) 370 F3d 915, 58 Envt Rep Cas 1694, 58 FR Serv 3d 562).

8

07 cv- 6764 (DC) (DFE)

Here Defendants have charted a clear and deliberate course of evasiveness, misrepresentation under oath, and suppression of evidence. This is clearly evidenced by the long list of outstanding responses to Plaintiffs' discovery requests. **EXHIBIT L**. This list was composed from outstanding responses to interrogatories, and document production requests.

Defendants for instance claim the master file that was created from copying the website of Plaintiffs and other competitors has disappeared. They cannot say how and when the file disappeared and what procedure was used to restore the file[8]. The failure to give a proper explanation for producing the file is clear evidence of evasiveness. Here Defendants are NOT claiming that the requested file was destroyed in routine procedure. Where as in this case the destruction was NOT part of routine procedure willfulness must be inferred. Stevenson v Union Pac. R.R. (2004, CA8 Ark) 354 F3d 739, 63 Fed Rules Evid Serv 166, 57 FR Serv 3d 617.

Destruction of evidence, or spoliation, is discovery offense. Gates Rubber Co. v Bando Chem. Indus. (1996, DC Colo) 167 FRD 90, subsequent app (2001, CA10 Colo) 246 F3d 680, reported in full (2001, CA10) 4 Fed Appx 676, 2001 Colo J C A R 1008. per

---

[8] EXHIBIT A, transcript from September 18, deposition of Robert Hawks, at page 28 to 35.

9

07 cv- 6764 (DC) (DFE)

Because preservation of documents and their availability for production is essential to orderly and expeditious disposition of litigation, document destruction impedes litigation process and merits imposition of sanctions. In re Prudential Ins. Co. of Am. Sales Practices Litig. (1997, DC NJ) 169 FRD 598, 36 FR Serv 3d 767, findings of fact/conclusions of law (1997, DC NJ) 962 F Supp 450 (criticized in Rothwell v Chubb Life Ins. Co. of Am. (1998, DC NH) 191 FRD 25) and stay lifted, transf (1998, Jud Pan Mult Lit) 1998 US Dist LEXIS 13962 and affd (1998, CA3 NJ) 148 F3d 283, 41 FR Serv 3d 596, later proceeding sub nom Steele v Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions) (1998, CA3 NJ) 159 F3d 1353 and cert den (1999) 525 US 1114, 142 L Ed 2d 789, 119 S Ct 890 and cert den (1999) 525 US 1114, 119 S Ct 890 and (criticized in In re Linerboard Antitrust Litig. (2004, ED Pa) 2004 U.S. District LEXIS 10532. Here Defendants could give no proper explanation about what happened to the master file they claim they copied from Plaintiffs and others. **EXHIBIT A (pg 28-35)**. Even if the master file NO longer exists Defendants must still be held accountable because they fail to take any steps to preserve the file. EXHIBIT A (pg. 34 line 5 to 13)

One who anticipates that compliance with discovery rules and resulting production of damning evidence will produce adverse judgment, will not likely be deterred from destroying that decisive evidence by any sanction less than adverse judgment she is tempted to thus evade; in case at hand, defendant's conduct showed such blatant contempt for Court and fundamental disregard for judicial process that behavior could only be

10

07 cv- 6764 (DC) (DFE)

adequately sanctioned with default judgment at least as to those causes of action impacted by their non-responsiveness to discovery. <u>Arista Records, L.L.C. v Tschirhart (2006, WD Tex) 241 FRD 462.</u>

If litigants are to have any faith in discovery process, they must know that parties cannot fail to produce highly relevant documents within their possession with impunity; parties cannot be permitted to jeopardize integrity of discovery process by engaging in halfhearted and ineffective efforts to identify and produce relevant documents. <u>Bratka v Anheuser-Busch Co. (1995, SD Ohio) 164 FRD 448.</u>

In determining whether preclusion of evidence was appropriate remedy, courts consider four key factors: (1) party's explanation for failure to comply with discovery order; (2) importance of testimony of precluded witness; (3) prejudice suffered by opposing party as result of having to prepare to meet new testimony; and (4) possibility of continuance. Weiss v La Suisse, Societe d'<u>Assurances sur la Vie (2003, SD NY) 293 F Supp 2d 397.</u>

Here the requirements are met for the court to grant the relief requested in the motion.

07 cv- 6764 (DC) (DFE)

## CONCLUSION

For the foregoing reasons Plaintiffs respectfully request that its Motion for Sanctions be granted.

Dated: New York, New York

11/14/2008

                              VIVIAN M. WILLIAMS & ASSOCIATES, P.C.

                              By: _____
                                    Vivian M. Williams, Esq. (vw1268)

                              **Attorneys for Plaintiffs**
                              **14 Wall Street, 20th FL.**
                              **New York, NY 10005**
                              **Tel: (212) 618-1791**
                              **Fax: (212) 618-1793**
                              vwilliams@vmwassociates.com