**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**BIOSAFE-ONE, INC d/b/a**                      )
**WWW.BIOSAFEONE.COM**                          )
**and CHRISTORPHER JORGENSEN,**                 )        Case No. 07 cv 6764 (DC) (DFE)
                                                )
                  *Plaintiffs*    )
                                                )
       -against-                        )
                                                )
                                                )
**ROBEBRT HAWKS; BRAD SKIERKOWSKI;**            )
**NEWTECHBIO, USA a/k/a BRAD & COMPANY,**       )
**INC. d/b/a WWW.NEWTECHBIO.COM; and**          )
**WWW.JUMBO MORTGAGES101.COM**                  )
**A/k/a JUMBOMORTGAGES.NET; and**               )
**BCI FUNDING GROUP**                           )
                  *Defendants*    )
-------------------------------------------------------------------X

**Memorandum of Law in Support of Motion to Reconsider**

VIVIAN M. WILLIAMS & ASSOCIATIES, P.C.
Vivian M. Williams, Esq. (VW 1268)
14 Wall St, Floor 20
New York, NY 10005
(212) 618-1791

*Attorneys for Plaintiffs Biosafe-One, Inc. d/b/a*
*www.biosafeone.com and Christopher Jorgensen*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
PRELIMINARY STATEMENT ............................................................................................. 1
FACTS OVERLOOKED BY THE COURT .......................................................................... 1
ARGUMENT .............................................................................................................................. 3
    I. SHOULD THE COURT NOT GRANT THE MOTION TO RECONSIDER OR REARGUE, A GRAVE INJUSTICE WOULD BE DONE TO PLAINTIFFS. ..................... 3
    II..THE COURT OVERLOOKED THE CLEAN HANDS DOCTRINE IN DETERMINING THE MOTION FOR SANCTIONS. ........................................................................................ 6
CONCLUSION ........................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87 (S.D.N.Y.2002) ....................... 12

Axis Reinsurance Co. v. Bennet, 2008 WL 2485388 (S.D.N.Y. 2008) ........................................ 4

Baker v. Ace Advertisers' Service, Inc., S.D.N.Y.1992 ............................................................... 10

Chira v. Lockheed Aircraft Corp., 634 F.2d 664 (2d Cir.1980) ................................................... 10

Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062 (2d
    Cir.1979) ................................................................................................................................. 10

Daval Steel Products v. M/V Fakredine, 951 F.2d 1357 (2d Cir.1991) ....................................... 11

Doe v. New York City Dept. of Social Servs., 709 F.2d 732 (2d Cir. 1983) ............................. 1, 3

Ehret v. New York City Dept. of Social Services, 102 F.R.D. 90 (D.C.N.Y. 1984) ................ 7, 10

Higueros v. N.Y. State Catholic Health Plan, Inc., 2009 WL 1904320 (E.D.N.Y. 2009) .............. 4

In re Stevens, 2001 WL 34093946 (Bankr.D.Vt.2001) .................................................................. 8

Kamara v. United States, 2005 WL 2298176 (S.D.N.Y. 2005 ....................................................... 8

Kramer v. Hammond, 943 F.2d 176 (2d Cir.1991) ........................................................................ 7

Kyoei Fire & Marine Insurance Co. v. M/V Maritime Antalya., 248 F.R.D. 126, 144
    (S.D.N.Y.2007) ......................................................................................................................... 9

Litton Systems, Inc. v. American Telephone and Telegraph Co., 700 F.2d 785 (2d Cir.1983) ... 11

Monaghan v. SZS 33 Associates, L.P., 154 F.R.D. 87 (S.D.N.Y.1994) ...................................... 10

Orner v. Mount Sinai Hosp., 305 A.D.2d 307 (1st Dep't 2003) ..................................................... 7

R.F.M.A.S., Inc. v. Mimi So, 619 F.Supp. 2d 39 (S.D.N.Y. 2009) ................................................ 4

re R & J Ventures, Inc., 2007 WL 4287715 (Bankr.N.D.N.Y. Dec. 04, 2007) .............................. 8

Reilly v. Revlon, Inc., 620 F.Supp 2d 524 (S.D.N.Y. 2009). ........................................................ 4

Schering Corp. v. Homes Ins. Co., 712 F. 2d 4 (2d Cir. 1983) .............................................. 4, 5, 6

T.Z. v. City of New York, 2009 WL 1794702 (E.D.N.Y. 2009) ...................................................... 3

**Statutes**

Fed.R.Civ.P. 56(c) (2009) .................................................................................................................. 4

Fed.R.Civ.P 37 (a)(5)(A)(ii) ............................................................................................................. 9

Fed.R.Civ.P 37 (a)(5)(A)(i-iii) .......................................................................................................... 9

**PRELIMINARY STATEMENT**

Plaintiffs submit this memorandum of law in support of their motion to reconsider. The motion is based on, (1) the need to correct a clear error or prevent manifest injustice. Doe v. N.Y.C. Dep't Soc. Serv.'s, 709 F.2d 782, 789 (2d Cir.1983), and (2) newly discovered evidence which was suppressed by Defendant and that could NOT have been discovered through diligent efforts previously made by Plaintiffs.

**FACTS OVERLOOKED BY THE COURT**

In the case at bar, Defendants have failed to provide meaningful discovery to the Plaintiffs. Plaintiffs pointed out Defendants' failure in a letter submitted to the court and served on Defendants and is thus made a part of the record before the court. At each conference with the Court Plaintiffs raised the issue of Defendants failure to provide meaningful discovery. The long list of outstanding discovery was attached to the letter filed with the court and served upon Defendant. Exhibit A. Plaintiffs further attached the list of outstanding discovery to its notice of deposition served on Defendants so that Defendants had up to the last day of discovery to provide the requested information, documents and/or things. Exhibit B.

The Court overlooked the fact that, though Defendants moved for sanctions under rule 37 claiming that Plaintiffs' failed to provide tax returns, the Defendant themselves failed to fully comply with Plaintiffs' request and the court's order that they provide their tax returns to Plaintiffs. Tax returns were provided for *some* of the Defendants on the last day of discovery at-the depositions of Hawks and Skierkowski.

The Defendants' motion for sanctions seeks attorney's fees for work they claim was done prior to the date and time Defendant's provided their tax returns. Thus, subsequent to the time Defendants' provided *some* tax returns to Plaintiffs the Defendants made no effort and incurred no legal fees and expenses to obtain discovery from Plaintiffs (particularly, Plaintiffs' tax returns). It is clear that Defendants seek to recover legal fees from Plaintiffs for efforts they claim to have made to obtain Plaintiffs' tax returns at a time when Defendants themselves withheld their tax returns from Plaintiffs.

Additionally, the very order that Defendants assert required Plaintiffs to provide their tax returns, required Defendants to provide their tax returns to Plaintiffs. During the period that Defendants claim legal fees for their effort to obtain Plaintiffs' tax returns, the Defendants were in violation of the very order that they claim Plaintiffs did NOT obey.

Plaintiff did NOT disobey the court order. The Court overlooked the fact that Plaintiffs stated that they did NOT have their tax returns and provided other proof of economic injury to Defendants.

The long list of items the Defendants failed to provide to Plaintiff include discoverable facts that are fundamental to Plaintiffs' causes of action. In fact, Plaintiffs' ability to respond to many of Defendants' discovery requests were affected by Defendants' failure to provide meaningful responses to Plaintiffs' discovery requests.

**ARGUMENT**

I.  SHOULD THE COURT NOT GRANT THE MOTION TO RECONSIDER OR REARGUE, A GRAVE INJUSTICE WOULD BE DONE TO PLAINTIFFS.

Because Defendant/movant for summary judgment obstructed and prevented Plaintiffs from obtaining material and significant evidence an injustice would be done to Plaintiffs if the Court does not grant the relief requested herein. Summary judgment should NOT be granted in favor of the Defendants because the discovery process is incomplete and the incompleteness is as a result of Defendants willful and malicious obstruction. Here the court should note that the standards governing motions to alter or amend a judgment under Rule 59(e) and motions for reconsideration or reargument under Local Rule 6.3 are identical. Farez-Espinoza v. Napolitano, 2009 WL 1118098 (S.D.N.Y. 2009). Local Civil Rule 6.3 allows motions to reconsider when the Court has overlooked matters or controlling decisions that would otherwise alter the Court's conclusion. T.Z. v. City of New York, 2009 WL 1794702 (E.D.N.Y. 2009). Reconsideration is appropriate in light of an intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or to prevent manifest injustice. Id; See Doe v. New York City Dept. of Social Servs., 709 F.2d 732, 289 (2d Cir. 1983). It is on the latter two grounds that Plaintiffs now moves the court.

While the court recites the general principle under Federal Rule of Civil Procedure 56(c) that summary judgment should be rendered if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." Fed.R.Civl.P. 56(c) (2009), this is NOT a moment for summary judgment because it cannot properly be asserted that there is no genuine issue of material facts

where ALL the facts are NOT gathered. In the instant case this court overlooked the opposite principle that that summary judgment is precluded when issues of material fact exist. Higueros v. N.Y. State Catholic Health Plan, Inc., 2009 WL 1904320 (E.D.N.Y. 2009); R.F.M.A.S., Inc. v. Mimi So, 619 F.Supp. 2d 39, 87 (S.D.N.Y. 2009); Reilly v. Revlon, Inc., 620 F.Supp 2d 524, 541 (S.D.N.Y. 2009). Discovery is designed to surface these material facts. See, Axis Reinsurance Co. v. Bennet, 2008 WL 2485388, *14 (S.D.N.Y. 2008). And in the context of summary judgment, discovery is critical in determining whether such drastic relief is warranted. Schering Corp. v. Homes Ins. Co., 712 F.2d 4, 10 (2d Cir. 1983). In the instant case, the Court granted summary judgment but overlooked material deficiencies during discovery that warrants reconsideration and reopening of discovery if the ends of justice are to be served. These deficiencies involve Defendants' failure to provide a long list of discovery items requested by Plaintiffs. Further, the record contains sufficient facts and circumstances from which a fact finder may conclude that Defendants' engaged in blatant manipulation of the facts, suppression of evidence and failure to speak the truth while under oath.

In Schring Corp., the court in that case pointed to the moving party's deficiencies in providing adequate documentation during discovery. Id. There, the moving party providing documents pointing to additional probative documents but did not provide them. Id. The court found this pertinent in determining its reversal of a granting of summary judgment. Id.

It is NOT disputed in this case that Defendants failed to provide a long list of information, documents and things requested by Plaintiffs. In fact, the court overlooks Defendants' blatant failure to provide material and significant disclosure that they were under an obligation to provide as part of mandatory disclosure. In the instant case, the Court is faced with documents *expressly* requested by the Plaintiff. Plaintiff has repeatedly requested documents pertinent to

the causes of action presented in the Complaint. Defendants had repeatedly failed to comply with these requests, which the Plaintiff emphasized at numerous points throughout discovery to which the Court acknowledged. In response to these pointed-to deficiencies, the Court ordered production of those documents. The court overlooked the extraordinary impact this had on Plaintiffs ability to obtain the very evidence that Defendants and the court now claim are not available.

When a moving party fails to continuously comply with discovery demands and therefore crippling the opposing party's ability to ascertan facts pertinent to the issue, it would be difficult for the non-moving party to contest summary judgment. The non-moving party cannot point to issues of material fact if all relevant facts have not been disclosed. Such a matter cannot be overlooked without causing injustice to the non-moving party. Discovery, being material in context to summary judgment, 712 F.2d at 10, can only be described as incomplete and deficient at best - summary judgment in such a case is not proper and reconsideration is a proper remedy.

Further, the Court has the discretion to re-open discovery following its granting of a Motion pursuant to Fed.R.Civ.P. 59(e). Webber v. Mefford, 43 F.3d 1340, 1342 (10th Cir. 1994). In the instant case, the re-opening of discovery would be highly pertinent to the equities involved in this case. The granting of summary judgment in favor of Defendants, absent the chance to fully discover and take into consideration all material facts, is highly inequitable and would cause a grave injustice to Plaintiffs. The Court could circumvent this injustice by re-opening discovery pursuant to its granting of the relief requested herein.

New evidence was discovered post-discovery. See Exhibit C. Such evidence is highly material to the causes of action presented in the Complaint and highlight issues of material fact more suitable for the trier of fact. In determining motions under Fed.Rule.Civ.P. 59(e), newly

5

discovered evidence post-discovery is sufficient to warrant an amending or altering of the judgment originally made. Exhibit C highlights a possible material witness who could testify to material facts that could impact the outcome of trial.

### II. THE COURT OVERLOOKED THE CLEAN HANDS DOCTRINE IN DETERMINING THE MOTION FOR SANCTIONS.

Federal Rule of Civil Procedure 37 is an equitable doctrine. The Rule permits a court to award expenses to a litigant whose opponent has refused to respond to disclosure requests or court orders. In so permitting, the Rule requires court attentiveness to the overall fairness of the entire discovery and pre-trial process.

Given the equitable nature of the doctrine and the purpose of the Rule, a party may not move for Rule 37 sanctions with unclean hands. Just as this Court held that a party waives its equitable right to arbitration "when it engages in protracted litigation that results in litigation," Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir.1991) (internal citations and quotations omitted), a party waives its equitable right to Rule 37 sanctions when it contributes to the overall delay and expense of the discovery process. In other words, a movant is not entitled to costs and monetary discovery sanctions when the movant itself engaged in obstructionist behavior. See, Ehret v. New York City Dept. of Social Services, 102 F.R.D. 90, n.4 (D.C.N.Y. 1984) (holding that sanctions cannot be imposed when "both parties are at fault"); See also, Orner v. Mount Sinai Hosp., 305 A.D.2d 307 (1st Dep't 2003). It is of no moment whether the other side outlines all of the efforts that were made for compliance with discovery requests where it is clear that the movant engaged in obstructive behavior.

In determining whether a party has approached the court with clean hands, District Courts require strict previous compliance to the Rules governing discovery. The reason for strict

6

compliance, "especially as a prerequisite to the awarding of sanctions," is to further "the interests of due process and fundamental fairness." In re Stevens, 2001 WL 34093946 (Bankr.D.Vt.2001) (evaluating the application of Rule 11). Strict compliance includes compliance with both substantive and procedural rules. See, e.g., In re R & J Ventures, Inc., 2007 WL 4287715 (Bankr.N.D.N.Y. Dec. 04, 2007); Kamara v. United States, 2005 WL 2298176, at *1 (S.D.N.Y. 2005) (dismissing a motion for sanctions on the grounds that movant omitted a memorandum of law as required by S.D.N.Y. Civil Rule 7.1).

The movant in this case has in fact approached this Court with unclean hands, both substantively and procedurally, amounting to a waiver of its right to request Rule 37 sanctions, which the Court has overlooked. Even if the Court determines that the Plaintiffs failed to demonstrate that it took sufficient steps to cause Defendants to comply with discovery requests and orders of the court, this does not make clean the hands of the Defendant, entitling them to Rule 37 sanctions. The only effect that this may have is to merely preclude the *plaintiffs* from moving for Rule 37 sanctions. In this case, there has been no dispute or contrary finding by the Court that the Defendants complied with discovery requests and the orders of the Court that they provide certain documents and things, to include telephone records, amongst others.

Substantively speaking, Defendant has not only failed to produce evidence, but has also failed to provide a reason for such non-production. As this Court held in Kyoei Fire & Marine Insurance Co. v. M/V Maritime Antalya., 248 F.R.D. 126, 144 (S.D.N.Y.2007), failure to produce evidence or a reasonable excuse amounts to a conscious disregard that triggers this Court's inherent power to fashion appropriate sanctions against that party.

Procedurally speaking, the Court overlooks that the Defendant has failed to demonstrate Rule 37's applicability in their motion presently before this Court. According to the text of the

7

Rule, this Court "must not order sanctions" if any one of the following conditions are met: 1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," 2) "the opposing party's nondisclosure, response, or objection was substantially justified," or 3) "other circumstances make an award of expenses unjust." FRCP 37 (a)(5)(A)(i-iii).

The Plaintiff was also "substantially justified" in failing to disclosure certain documents that did not even exist. FRCP 37 (a)(5)(A)(ii). The Plaintiffs stated at the time pointed to in the Court's decision that it did NOT have the requested-for documents. However, a more salient point, is that the requested-for documents were ONLY material in determining damages should the *Plaintiffs* succeed. In other words, the Court is seemingly punishing the Plaintiff for not having documents that would assist the Plaintiff's own case.

Finally, since Defendant has acted unjustifiably throughout the course of discovery, the circumstances of making an award of expenses is unjust. FRCP 37 (a)(5)(A)(iii). Defendants have NOT been prejudiced by Plaintiffs failure to provide tax returns. In fact, the Plaintiff has been significantly injured by the Defendants failure to provide pertinent documents, as those were material to the Plaintiffs in meetings their burden of proof.

The purpose of the Rule's three circumstances of inapplicability is itself illustrative of Defendant's waiver. This Court held in Baker v. Ace Advertisers' Service, Inc., S.D.N.Y.1992, that sanctions ensure, *inter alia*, that a party will not profit from its own failure to comply. See also, Monaghan v. SZS 33 Associates, L.P., 154 F.R.D. 87 (S.D.N.Y.1994). Thus, imposing sanctions on Plaintiff in this case would allow a party such as Defendant to profit despite its failure to comply with discovery requests.

The interpretation of the Rule's three circumstances of inapplicability by this Court is also illustrative of Defendant's waiver. First, the Columbia Survey found that in only one instance out of 50 decided under Rule 37 did this Court award expenses. Further, this Court has stated that it is only in the "instance of repeated defiance of express court orders, Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062 (2d Cir.1979), or a blatant failure to prosecute as evidenced by a refusal to make discovery, Chira v. Lockheed Aircraft Corp., 634 F.2d 664 (2d Cir.1980), that sanctions will be considered appropriate." Ehret, *supra*, at n.2. This Court in Ehret noted that in cases where sanctions are imposed, there was "a complete or near complete barrier to effective discovery or otherwise threatening to the judicial system." See also, Litton Systems, Inc. v. American Telephone and Telegraph Co., 700 F.2d 785, 828 (2d Cir.1983).

Compared to Defendant's inequity, Plaintiff has proceeded throughout the discovery process with clean hands and in equity.

First, Plaintiff has indeed made a good faith effort to answer discovery requests under the meaning of Rule 37 (a)(3), (a)(4), and (b)(1). Plaintiff produced requested documents, and when there were none to so produce, provided explanation and notice of their non-existence.

Second, Plaintiff is not delinquent in complying with this Court's Orders and producing documents. Sanctions pursuant to Rule 37(b)(2) for failure "to obey an order to provide or permit discovery" may only be implied when "there is a clearly articulated order of the court requiring specified discovery" for discovery purposes. Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir.1991). Here, the Order Defendant contends Plaintiff failed to obey did not clearly direct Plaintiff to produce for the purposes of discovery.  The Court overlooks this in its decision.

Thus, the fact that there was an Order to produce Plaintiff's tax returns is irrelevant to Defendant's motion. Assuming *arguendo* that Plaintiff in fact had tax returns to produce, this Court's Order to produce was for the purpose of evaluating Plaintiff's damages at a later phase of the litigation rather than for the purpose of Defendant's discovery pursuit. Indeed, Plaintiff did produce other forms of evaluating Plaintiff's income so that Defendant was not prejudiced from not having the information. Thus, the purpose of Rule 37 to "avoid surprise or trial by ambush" is not implicated here. American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y.2002) (internal citations and quotations omitted). Furthermore, Defendant's request is not yet ripe.

## **CONCLUSION**

Therefore, Plaintiff respectfully requests that the Court grants the Motion for reconsideration or reargument and re-open discovery.


Respectfully submitted,

s/ Vivian M. Williams

_____

Vivian M. Williams
Attorney for the Plaintiff

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C