07cv6764(DC)

MANDATE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/18/2010_

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

_____At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of May, two thousand ten.

PRESENT:   ROGER J. MINER,
           GERARD E. LYNCH,
                    *Circuit Judges*,
           DAVID G. TRAGER,
                    *District Judge*.[*]



-----------------------------------------------------------------

BIOSAFE-ONE, INC., doing business as
www.Biosafeone.com, CHRISTOPHER JORGENSEN,
         *Plaintiffs-Counter-Defendants-Appellants*,

                  v.                                No. 09-3621-cv

ROBERT HAWKS, BRAD SKIERKOWSKI,
NEWTECHBIO, USA, also known as BRAD &
COMPANY, INC., doing business as
www.newtechbio.com, www.jumbomortgages101.com,
also known as jumbomortgages.net, BCI FUNDING
GROUP, BRAD & COMPANY, INC.,
         *Defendants-Counter-Claimants-Appellees*,

ODETTE J. WILKENS, ESQ.,
         *Third-Party Defendant*.[**]

_____

[*] The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.

[**] The Clerk of the Court is instructed to amend the official caption in this case to conform to the listing of the parties above.

MANDATE ISSUED ON 06/17/2010

```
1    --------------------------------------------------------------------
2    FOR APPELLANT:        VIVIAN M. WILLIAMS, Vivian M. Williams & Associates,
3                          New York, New York.
4
5    FOR APPELLEE:         Arthur L. Lessler, Lessler & Lessler, South River, New
6                          Jersey, on submission.
```

7    Appeal from the United States District Court for the Southern District of New York

8    (Denny Chin, Judge).

9    UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

10   DECREED that the judgment of the district court is AFFIRMED.

11   Plaintiffs-Counter-Defendants-Appellants, Bio-Safe One, Inc., a septic and waste

12   management products company, and Christopher Jorgensen, its founder and owner

13   (collectively, "Plaintiffs"), filed suit against Defendants-Counter-Claimants-Appellees,

14   Robert Hawks, Brad Skierkowski, and their associated companies (collectively,

15   "Defendants"), alleging a host of New York state and federal causes of action, including

16   violations of Plaintiffs' intellectual property rights, breach of fiduciary duty, breach of

17   contract, and many more.  The crux of the dispute is Plaintiffs' allegation that

18   Defendants, after helping Jorgensen secure a residential mortgage, entered the same

19   business as Plaintiffs, utilized Plaintiffs' financial data to steal their ideas, pursued their

20   customers, suppliers, and advertisers, and copied their website and trademarks.  The

21   district court granted summary judgment for Defendants, and Plaintiffs now appeal.

22   According to Plaintiffs, Jorgensen founded Bio-Safe One in 2002 and launched its

23   website, www.biosafeone.com, shortly thereafter.  Around 2005, Jorgensen was in the

24   market for a house and contacted Hawks and Skierkowski, who were then apparently

25   working as mortgage brokers, for help in attaining a "jumbo mortgage" in order to

1   purchase a new home.  In the course of completing the mortgage application, Jorgensen

2   provided Hawks and Skierkowski with extensive financial documents, including two

3   years worth of bank statements that included account numbers, withdrawal information,

4   and payment schedules.  According to Plaintiffs, the financial information provided to

5   Defendants was to be used only for the purpose of obtaining a mortgage for Jorgenson.

6          In April 2007, Hawks and Skierkowski launched their own septic cleaning

7   company, called Newtechbio, with its own website, newtechbio.com.  Defendants had no

8   prior experience in the septic cleaning business, and admitted that they decided to go into

9   that business only after having encountered Jorgensen and learned of his business.

10         On June 26, 2007, Plaintiffs sued Defendants, asserting twenty-five claims

11  primarily involving (1) infringements of Plaintiffs' intellectual property, such as

12  copyright and trademark infringement for, *inter alia*, allegedly copying Plaintiffs' website

13  and marks, (2) violation of federal and New York law for allegedly stealing information

14  given to Defendants in confidence during the mortgage application to discover Plaintiffs'

15  suppliers, customers, vendors, advertisers, and trade secrets, and (3) assorted other claims

16  such as deceptive business practices, use of Plaintiff's name with the intent to deceive,

17  and illegal diversion of Plaintiffs' internet traffic.  Plaintiffs also moved for a preliminary

18  injunction to shut down Defendants' website.

19         Following an evidentiary hearing, the district court denied Plaintiffs' motion for a

20  preliminary injunction, finding that Plaintiffs were unlikely to succeed on the merits of

21  any of their claims, because, *inter alia*, there was no substantial similarity between

22  Defendants' and Plaintiffs' websites or marks, and Plaintiffs' allegations that Defendants

3

1    had used Plaintiffs' financial records and other information given in confidence to steal

2    Plaintiffs' customers, vendors, suppliers and advertisers were not credible or supported by

3    any evidence.  See Biosafe-One, Inc. v. Hawks, 524 F. Supp. 2d 452, 462-67 (S.D.N.Y.

4    2007).

5        The preliminary injunction ruling was followed by contentious discovery

6    proceedings between the parties "with disagreements at every turn."  Eventually,

7    Defendants moved for summary judgment, and both sides moved for sanctions.  The court

8    granted summary judgment to Defendants.  Initially addressing the claims it had analyzed

9    in the preliminary injunction ruling, the court found that Plaintiffs had not presented any

10   evidence to alter its conclusion that these claims failed.  The district court then turned to

11   the remaining claims.  Because the Defendants had not separately addressed most of the

12   twenty-five causes of action in their summary judgment papers, the court "under[took] its

13   own review of the record . . . to determine if there [was] sufficient evidence in the record

14   from a which a reasonable jury could find for plaintiffs on any of their claims."  Noting

15   that "Plaintiffs' evidence in this case consists of little more than speculation, conclusory

16   statements, and legal conclusions offered under the guise of 'evidence,'" the court

17   methodically parsed each of the remaining thirteen causes of action and dismissed them

18   for either failing to state a claim on the facts alleged or for lack of any admissible

19   evidentiary support.  The court also granted Defendants' motion for sanctions in the

20   amount of $3,600 for Plaintiffs' failure to comply with its discovery obligations, and

21   denied Plaintiffs' motion for sanctions.

4

1          In a rambling, repetitive, and largely incoherent set of briefs, Plaintiffs make,

2   from what we can ascertain, four broad challenges to the district court's rulings.

3   Plaintiffs argue, first, that the court erred in granting summary judgment, because there

4   are disputed issues of fact; second, that summary judgment should not have been granted

5   on all the causes of action because Defendants moved only for partial summary judgment;

6   third, that the district court erred in declining to reopen discovery because Defendants did

7   not comply with their discovery obligations; and, fourth, that the court erred in denying

8   Plaintiffs' motion to amend the complaint.  None of these arguments has merit.

9          We review a grant of summary judgment <u>de novo</u>, "construing the evidence in the

10  light most favorable to the non-moving party and drawing all reasonable inferences in its

11  favor."  <u>Allianz Ins. Co. v. Lerner</u>, 416 F.3d 109, 113 (2d Cir. 2005).  "We will affirm the

12  judgment only if there is no genuine issue as to any material fact, and if the moving party

13  is entitled to a judgment as a matter of law."  <u>Id</u>.

14         While their briefs allude to several of their dismissed causes of action, Plaintiffs'

15  only substantive argument involves the claims based on Defendants' allegedly improper

16  use of confidential material acquired during the mortgage application to appropriate

17  information about Plaintiffs' customers, suppliers, advertisers, and trade secrets in

18  violation of their contractual and fiduciary duties.

19         Plaintiffs point to absolutely no evidence that Defendants contacted any of

20  Plaintiffs' former or current customers or advertisers.  Therefore, even if Defendants

21  *could* have identified Plaintiffs' customers or advertisers through the information

1  submitted during the mortgage application, there is no evidence on which a reasonable

2  jury could find that Defendants did so.  Similarly, Plaintiffs have not pointed to any

3  evidence establishing that Defendants received any trade secrets from Plaintiffs, let alone

4  misappropriated them.

5      Plaintiffs have submitted evidence that Defendants contacted Plaintiffs' supplier,

6  Novozymes.  In addition, Plaintiffs note that Novozymes's name was in the bank

7  documents provided to Defendants, so Defendants *could* have used confidential

8  information to find out about Novozymes.  However, Plaintiffs have put forward no

9  evidence from which a reasonable jury could find that Defendants actually used the

10 confidential information to identify Novozymes.  Plaintiffs argue that a jury could infer

11 that Defendants inappropriately discovered Novozymes from these documents because

12 Defendants admitted they got the idea to go into this business from Plaintiffs, had not

13 written a business plan or engaged in substantive independent research prior to entering

14 the business, and copied some text directly from Plaintiffs' website.  However, a

15 reasonable jury could not find that it was more likely than not that Defendants identified

16 Novozymes from Plaintiffs' confidential information based on an inference from these

17 facts.  Novozymes is one of the largest suppliers of septic tank cleaning supplies, and

18 Plaintiffs do not dispute that it would have been easy to identify Novozymes as Plaintiffs'

19 supplier through a quick internet search.  Plaintiffs' theory is mere speculation.  The

20 district court's grant of summary judgment on the claims based on Defendants' allegedly

21 illegal appropriation of Plaintiffs' confidential information was therefore proper.

6

1    The remaining claims, including the various intellectual property claims involving

2    trademark and copyright infringement, either are not mentioned at all on appeal or are

3    alluded to in a conclusory manner that is insufficient to preserve these issues for appeal.

4    See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently

5    argued in the briefs are considered waived and normally will not be addressed on

6    appeal."). "[M]erely incorporating by reference an argument presented to the district

7    court [or] stating an issue without advancing an argument . . . [does] not suffice [to

8    adequately raise an issue for appellate review]." Id. Even if these arguments were not

9    waived, Plaintiffs have given us no reason to question the district court's grant of

10   summary judgment on these claims.[1]

11   Because Plaintiffs have failed to point to any evidence that would establish a

12   genuine issue of material fact with regards to any of their numerous claims, and have

13   failed to establish damages in any event, the district court's grant of summary judgment

14   was correct.

15   Plaintiffs next argue that Defendants only moved for partial summary judgment,

16   and that, therefore, the district court's grant of summary judgment against all their causes

_____

[1] Plaintiffs also argue that the district court erred in relying on its preliminary injunction ruling in its summary judgment decision. While Plaintiffs are correct that the standards for granting summary judgment and for denying a preliminary injunction are different, Plaintiffs' failure to adduce any new meaningful evidence following the preliminary injunction ruling permitted the court to rely on its previous finding that Plaintiffs had failed to provide sufficient evidence to support their claims in order to find there was no genuine issue of material fact.

1    of action was erroneous, because it was *sua sponte* and without notice.  See Bridgeway

2    Corp. v. Citibank, 201 F.3d 134, 139 (2d Cir. 2000) ("If the district court fails to give

3    notice before *sua sponte* granting summary judgment and the [losing] party was, as a

4    result, procedurally prejudiced, we must reverse.").  However, although Defendants'

5    motion papers did not specifically analyze each of Plaintiffs' causes of action, their

6    motion was clearly directed at the entire complaint.  Defendants therefore did not move

7    only for partial summary judgment, and the court's grant of summary judgment was not

8    *sua sponte*.

9         Moreover, even if the court's grant of summary judgment had been *sua sponte*,

10   reversal would not be required.  "District courts are widely acknowledged to possess the

11   power to enter summary judgment *sua sponte*."  First Financial Ins. Co. v. Allstate

12   Interior Demolition Corp., 193 F.3d 109, 114 (2d Cir. 1999).  Any deficiency in notice

13   does not undermine the district court's ruling if the lack of notice causes no prejudice.

14   See Bridgeway, 201 F.3d at 140  ("If . . . the party either cannot claim to have been

15   surprised by the district court's action or if, notwithstanding its surprise, the party had no

16   additional evidence to bring, it cannot plausibly argue that it was prejudiced by the lack of

17   notice.").  Plaintiffs' failure to this day to point to any evidence in the record establishing

18   a genuine issue of material fact shows that it was not prejudiced by any supposed lack of

19   notice.

20        Plaintiffs next argue that their lack of evidentiary support derives from

8

1   Defendants' failure to comply with their discovery obligations.  Therefore, Plaintiffs

2   argue, the district court should have reopened discovery after it was closed and compelled

3   Defendants to produce more evidence.  However, at the hearing scheduled for the close of

4   discovery, Plaintiffs made no claim that Defendants had not complied with their

5   discovery obligations.  While Plaintiffs did seek an extension of the discovery period, that

6   request was based on the need to get discovery from third parties.  After *Defendants*

7   asserted that *Plaintiffs* had not complied with their discovery obligations, the district court

8   closed discovery as scheduled.  Only later, when Plaintiffs moved for sanctions and for

9   reconsideration of the grant of summary judgment, did Plaintiffs ask the court to compel

10  Defendants to disclose more information and to reopen discovery.  However, the district

11  court declined to do so, noting that Plaintiffs had "ma[d]e nothing more than conclusory

12  allegations as to how defendants failed to comply with court orders."

13      "A trial court enjoys wide discretion in its handling of pre-trial discovery, and its

14  rulings with regard to discovery are reversed only upon a clear showing of an abuse of

15  discretion."  In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003), quoting In re DG

16  Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998).  The district court did not abuse its

17  discretion in closing discovery or declining to reopen it.  Because Plaintiffs failed to

18  inform the court at the close of discovery of Defendants' alleged failure to comply with

19  discovery, the district court appropriately ordered discovery closed as scheduled.

20  Moreover, the district court's decision not to reopen discovery was not an abuse of

9

1    discretion, because, as it noted, Plaintiffs' allegations of non-compliance were vague and

2    conclusory.  Plaintiffs' broad and belated claim that Defendants had not complied with

3    discovery demands accompanied by generic citations to, *inter alia*, its interrogatories and

4    notices for depositions, were not sufficient to compel the court to reopen discovery.[2]

5         Finally, Plaintiffs argue that the district court erred in denying their motion to

6    amend their complaint.  However, while Plaintiffs state that they made such a motion and

7    that this motion was decided at a conference, they inexplicably do not cite to any such

8    motion or to any specific conference or other ruling deciding such a motion.  Plaintiffs'

9    only relevant record citation is to a letter included in the Joint Appendix raising the issue

10   of amending the complaint.  But the letter appears never to have been docketed, nor does

11   any order acting on the request appear anywhere on the docket.[3]  To obtain review of any

12   district court ruling, it is a party's responsibility to make an appropriate record of any

13   relief requested and the action of the district court, if any, on that request.  Plaintiffs have

14   entirely failed in that responsibility.  Finally, as Plaintiffs did not cite any ruling on the

15   alleged motion to amend the complaint in their Notice of Appeal, we would lack

---

[2] Similarly, to the extent Plaintiffs argue in passing that the district court erred in denying their motion for sanctions and granting Defendants' motion for sanctions, this argument is unavailing.  The district court's grant of sanctions for Defendants was appropriate given Plaintiffs' failure to comply with their discovery obligations, and the denial of Plaintiffs' motion was appropriate, because, as discussed above, Plaintiffs' allegations of Defendants' failure to comply were conclusory, unspecific, and ultimately unconvincing.

[3] Indeed, the letter is only in the record as an exhibit to Plaintiffs' memorandum of law in support of their motion to reconsider.

1   jurisdiction over any such ruling in any event.  <u>See</u> Fed. R. Civ. P. 3(c)(1)(B) ("The notice

2   of appeal must designate the judgment, order, or part thereof being appealed."); <u>see also</u>

3   <u>New Phone Co., Inc. v. City of New York</u>, 498 F.3d 127, 131 (2d Cir. 2007) ("Our

4   jurisdiction . . . depends on whether the intent to appeal from [a] decision is clear on the

5   face of, or can be inferred from, the notice[ ] of appeal.").  For all these reasons, we deem

6   this claim abandoned.

7        We have considered all of Plaintiffs' remaining arguments and find them to be

8   without merit.  For the foregoing reasons, the judgment of the district court is

9   AFFIRMED.

10

11                  FOR THE COURT:

12                  CATHERINE O'HAGAN WOLFE, Clerk of Court

13

14

15

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

1